## Underwood v. Wilhite, et al.

(Decided December 7, 1910.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, Third Division).

City Attorneys—Rights and Duties—Advisor of City Council and Other City Officials.—The city attorney is the lawful head of the legal department of the city of Louisville. As such, it is his duty to attend to all of the litigation of the city, and to advise the mayor, the general council and the other city officers of their duty, when required. These duties cannot be taken from him or transferred to another. While it is within the province of the general council to appoint assistants to the city attorney, they must be his assistants, do what he directs, and can be clothed with no authority to give opinions or act in any wise independent of him. It is the right of the people to have the municipal officers, from the mayor, who is at the head of the executive department of the city to the lowest official, advised as to their legal duties by the city attorney, and not by other officer or officers whom the general council may choose to create or appoint.

ALEX G. BARRETT for appellant.

J. W. S. CLEMENTS for appellee.

EXTENDED OPINION BY JUDGE HOBSON—Petition for rehearing overruled.

(For original opinion see Underwood v. Wilhite, 139 Ky. 116.)

At the urgent solicitation of counsel for both sides of this case, we have re-examined the questions arising upon the record and have reached the conclusion that the principles enunciated in the opinion are sound; and that they are set forth in the language of the opinion with such clearness as not to be misunderstood.    In deference, however, to the insistence of counsel, that the opinion of the court is susceptible to misconstruction or misunderstanding, we will undertake to set forth in a few words an epitome of its conclusions.

The city attorney is the lawful head of the legal department of the city of Louisville.    As such, it is his duty to attend to all of the litigation of the city, and to advise the mayor, the general council, and the other city officers of their duty when required.    These duties cannot be taken from him, or transferred to another.    While it is within the province of the general council to appoint assistants to the city attorney, they must be his assistants, do what he directs, and can be clothed with no authority to give opinions or act in any wise independent of him. They must be under his constant supervision and direction, and cannot be called upon, except through him, for opinions on questions arising in the execution of the public business of the municipality.    It is the right of the people to have the municipal officers, from the mayor, who is at the head of the executive department of the city, to the lowest official, advised as to their legal duties by the city attorney, and not by any other officer or officers whom the general council may choose to create or appoint.

The petition for rehearing is overruled.