### Conley, et al. v. Hardwick.

(Decided December 8, 1910.)

### Appeal from Powell Circuit Court.

1. Local Option Election—Emblems Used—Holy Bible on One Side and Bottle of Whiskey on the Other.—At a local option election in Powell county, there was placed over the word "Yes," which was in favor of local option, an open book with the words "Holy Bible" printed across its face, and over the word "No" on the opposite side, a whiskey bottle and glass beside it, with the head of a snake protruding from the mouth of the bottle. Held, on appeal, that to hold such an election as free and equal under such circumstances would be to disregard the very words and spirit of our Constitution.

2. Elections—Free and Equal—Odium Attaching.—An election can not be free and equal where the ballot is calculated to attach odium to those who happen to be on the one side or the other of a public measure.

3. Same—Use of Bible Prohibited by Law as Emblem.—It was highly improper to use any device at all, and absolutely inexcusable to use the devices named, or either of them. The use of the Bible as an election emblem is absolutely prohibited by section 1453 Ky. Statutes. No good cause was ever helped by resort to such illegal methods. It should stand on its merits alone. An election held under such circumstances ought not and will not be allowed to stand.

C. C. TURNER and HENRY WATSON for appellants.

C. F. SPENCER and GREENE, VAN WINKLE & SCHOOLFIELD for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

At a local option election held in Powell County, Kentucky, on February 26th, 1908, the returns show that a majority of the voters voted against the sale of spiritous, vinous and malt liquors. This appeal involves the validity of that election.

While the election was contested on several grounds, we deem it necessary on this appeal to consider only one of the grounds urged.

On each of the ballots used in the election there was placed over the word "Yes" (the local option side) an open book, with the words "Holy Bible" printed across its face; and over the "No" (the side opposed to local option) a whiskey bottle and glass beside it, with the head of a snake protruding from the mouth of the bottle. While a number of reputable citizens testified that, in their opinion, the use of the devices referred to was not calculated to, and did not affect, the result of the election, there is considerable evidence tending to show the contrary. A number of voters testified that they voted "dry" because they could not go against the Bible. One of the officers of the election said that he heard several voters say it was unfair to have a Bible on there; that a man could not vote his sentiments on account of the Bible. One of the witnesses testified that he knew of a number of voters who changed on account of the emblem. Another witness said that there was a decided change in the sentiments of the people as soon as sample ballots containing the devices were put out. One negro said: "I had to vote under the Bible; the Lord, God Almighty, would strike me dead if I hadn't." One of the clerks at the election said to the negro voters, as they approached: "If you want to go to hell, vote under the snake; if you don't vote under the Bible." This evidence was competent not for the purpose of showing how the declarants voted, but as bearing on the question whether or not the devices were calculated to affect the result of the election.

In the case of Erwin, et al, v. Benton, et al., 120 Ky. 536, there was involved the validity of a local option election where the device on the ballots for those favoring prohibition was an open book, with the words "Holy Bible" printed across it, and the device for those opposed to prohibition was a female figure holding aloft a balance. While declaring that no device at all should have been used on the ballots, this court held that, as the ballots were not otherwise objectionable and there was

no evidence tending to show that the form of the ballot in anywise influenced any voter's action, the election would not be set aside because the devices were used. In that case, however, the devices used were not calculated to excite undue prejudice in the minds of the voters. There was no such striking contrast as that presented in the case before us. In the case cited the contrast was between the Bible on the one side and the figure of Justice on the other. We could not say that the mere use of the devices gave to one side a decided advantage over the other. In the case before us the devices used gave to those favoring prohibition the sanction of the word of God, while it held up to those on the other side all of the unspeakable horrors of delirium tremens. To hold that an election held under such circumstances is free and equal would be to disregard the very words and spirit of our Constitution. An election cannot be free and equal where the ballot is calculated to attach odium to those who happen to be on one side or the other of a public measure. The ballot is a means devised by law to secure a fair expression of the will of the people, and it should never contain devices that give to one side an undue advantage over the other. It was highly improper to use any devices at all, and absolutely inexcusable to use the devices referred to, or either of them. Indeed, the use of the Bible as an emblem is absolutely prohibited by statute. (Section 1453 Ky. Statutes; Erwin, et al. v. Benton, et al., supra.) No good cause was ever helped by resort to illegal methods; it should stand on its merits alone.

We are satisfied from the record that the use of the emblems was not only calculated to, but, as a matter of fact, did materially affect the result of the election. An election held under such circumstances ought not, and will not, be allowed to stand.

Judgment reversed and caused remanded, with directions to enter judgment in conformity with this opinion.