## Burkart v. City of Newport et al.
### (Decided Oct. 27, 1936.)

CHARLES E. LESTER, Jr., and LAWRENCE RIEDINGER, Jr., for appellant.

LOUIS REUSCHER for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In February, 1936, the appellant by his counsel, presented to the board of commissioners of the city of Newport, Ky., a draft of a proposed ordinance directing the city manager to sell a franchise authorizing the purchaser thereof to maintain and operate motor passenger busses over and upon certain streets and public ways of the city of Newport. The board of commissioners received the proposed ordinance and gave it its first reading and referred it to a committee for its con-

sideration. No further action having been taken by that body in reference thereto, on the 10th day of March, 1936, the appellant filed this action in the Campbell circuit court seeking a writ of mandamus against the board of commissioners requiring it to either adopt the proposed ordinance without alteration or to immediately certify its refusal to do so to the clerk of the Campbell county court to be by him placed upon the ballot to submit the question of the passage of the ordinance to the voters of the municipality at the next regular election to be held in November, 1936. Appellant proceeded or attempted to proceed under the provisions of section 3235dd-47 of the Kentucky Statutes, which, in so far as is pertinent to the questions here involved, reads as follows:

"If a petition signed by a number of voters equal to at least twenty-five per centum [25%] of the total number of votes cast for both candidates for mayor at the last preceding regular election for mayor, stating the residence of each signer, and verified by affidavits of some one or more persons as to the signatures and residences, requesting the board of commissioners to pass an ordinance therein set forth—if such petition be presented to the board of commissioners, and if the ordinance therein requested to be passed be one that the board has a legal right to pass, then the board shall either pass such proposed ordinance without alteration, within ten days after such petition is filed, or submit the question of its passage to the voters of the city at the next regular election."

Appellees filed a demurrer to the petition and also entered certain motions to strike and to make the petition more definite and certain, and without waiving the demurrer or motions they filed their answer, setting up numerous alleged defenses to the action. Appellant filed a general demurrer to appellees' answer and answer as amended and the court related the demurrer back to the petition and sustained it thereto and dismissed the petition. Appellees insist that the judgment should be affirmed for various reasons, and that the court properly sustained the demurrer to the petition (1) because it failed to state facts on its face to constitute his cause of action, and (2) that the proposed ordinance (a copy of which was filed as an exhibit with the petition) was

unconstitutional in that it proposed the grant of an exclusive franchise, which, it is insisted, municipalities of this commonwealth are not authorized to do. In appellant's petition, after setting out preliminary matters, he states his alleged cause of action in the following language:

"Relator further says that in February, 1936, at one of the regular meetings of the Board of Commissioners of the defendant municipality, there was presented to said Board of Commissioners a petition signed by relator herein and other voters of the City of Newport, numbering in the aggregate at least twenty-five per centum [25%] of the total number of votes cast for both candidates for mayor in the last preceding election for mayor, in which petition said Board of Commissioners were requested to forthwith pass the ordinance embraced in said petition."

It will be noticed that the appellant merely stated that the petition presented to the council was signed by himself and a number of other voters of the city of Newport, "numbering in the aggregate at least twenty-five per centum [25%] of the total number of votes cast for both candidates for mayor in the last preceding election for mayor, * * *", but he does not state the number of votes cast for mayor in the last election nor the number of voters who signed the petition, but merely states his conclusion or opinion that the number of signers thereto constituted 25 per cent. of the total vote cast at the last election for mayor. Without showing the number of votes cast at the last election for mayor and the number of voters signing the petition, the court could not determine from the face of the pleading whether or not the number of signers constituted the required percentage of voters voting for all candidates for mayor at the last election. And, furthermore, he failed to state that the voters who signed the petition stated their residences, or that the petition was verified by affidavits of some one or more persons as to the signatures and residences of those who signed it, as required by the Statute. No copy of the petition signed by the voters is filed with the record or other matter showing that the statute was complied with, and we have only the mere allegations of the petition quoted above

Appellant's cause of action, if any he had, was de-rived solely from the statutes, there being no common law authorizing such procedure. It is the rule in crim-inal cases that where the words of the statutes are de-scriptive of the offense the indictment should follow the language and expressly charge the described offense against the defendant, or it will be defective. Section 136, Criminal Code of Practice. The same rule is ap-plicable to civil cases where the cause of action or de-fense is purely statutory, and the language of the stat-utes or other words conveying the same meaning must be used, otherwise the pleading will be defective. It will be noticed in the quoted provisions of the statute, supra, that the signers of such petition must state their resi-dences and the petition must be verified, and in the ab-sence of such allegations or other words conveying the same meaning the petition was obviously defective.

The order sustaining the demurrer to the petition does not state whether it was sustained upon the face of the petition for reasons indicated above, or whether the court concluded that the proposed ordinance was uncon-stitutional. But that is immaterial, since it is the rule that if there appears any matter in the record justify-ing the judgment of the court, it is immaterial that the court may have proceeded upon an erroneous theory. Anderson v. City of Ludlow, 250 Ky. 204, 62 S. W. (2d) 785, and cases therein cited.

We conclude, therefore, that the petition failed to state a cause of action, and the court did not err in sus-taining the demurrer thereto. This conclusion makes it unnecessary to discuss other questions raised.

The judgment is affirmed.