CITY OF MAYSVILLE et al. v.
KENTON et al.

Court of Appeals of Kentucky.
Oct. 17, 1952.

M. Hargett, Phil Hargett, Maysville, for appellants.

W. G. Kenton, Andrew V. Fox, Maysville, for appellees.

COMBS, Justice.

This controversy was submitted under section 637 of the Civil Code of Practice to test the validity of a proposed ordinance of the City of Maysville. The action was filed by certain members of the police department, appellees here, against the mayor and the city commissioners.

Maysville is a city of the third class and has adopted the commission form of local government. KRS 89.250 provides that when the requisite number of city electors petition the board of commissioners to pass a specified ordinance the commissioners must either pass the ordinance or submit the question of its passage to the voters at the next regular election.

On June 11, 1951, the city commissioners were requested by petition, sufficient in both form and substance, to enact an ordinance which would, in effect, place the city police department under the administration of a civil service commission. The proposed ordinance, consisting of some seven . typewritten pages, was filed as part of the petition. The commissioners declined to enact the ordinance but, pursuant to the mandate of the statute, directed that the question of its passage be submitted to the voters of the city at the November, 1951, regular election. The question was printed on the ballots in the following form:

"Shall the proposed ordinance relating to the organization of the Police Department; providing for a civil service commission to control original appointments and promotions; Designating the minimum number of policemen and officers at election; Designating the rank and duty of the officers; fixing the minimum salary for policemen at $3000.00 per year; setting out rules and regulations pertaining to the department be passed."

The election resulted in 1,078 votes in favor of the ordinance, and 505 votes against it. The results of the election were duly certified to the board of commissioners, and upon the board's refusal to recognize the validity of the ordinance, this action was filed. The lower court adjudged the ordinance to be valid.

It is argued by the appellants that: (1) The subject matter of the ordinance is not of such nature as may properly be submitted to the voters under initiative procedure; (2) there is no effective date in the ordinance and the lower court erred in fixing the effective date as November 9, 1951, the date on which the election returns were certified to the board of commissioners; (3) one section of the ordinance (7-a) was not submitted to the voters, and (4) the statute on which appellees rely was repealed by the 1950 General Assembly.

The first point raised by appellants was decided adversely to their contention in Rives v. City of Paducah, 287 Ky. 709, 155 S.W.2d 33, and we regard the opinion in that case as sufficient answer to the argument on this point.

It is argued by appellants that since there is nothing in the ordinance to show when it is to take effect, the effective date should have been left to the discretion of the city commissioners. This is on the theory that the commissioners alone are able to determine when the city can meet the financial requirements of the ordinance. It was said in the Rives' case, 287 Ky. 709, 155 S.W.2d 33, in regard to a similar ordinance enacted under similar circumstances, that the effective date is the date when it is possible for the city to pay the increased salaries through proper appropriation. There is nothing in the record to show the inability of the city to pay the increase in salaries required by the ordinance, and in the absence of an affirmative defense to that effect we will assume that sufficient funds are on hand to meet its requirements. The lower court was correct in holding that the effective date of the ordinance is the date on which the returns of the election were officially certified to the board of city commissioners; i. e., November 9, 1951.

Section 7-a of the ordinance, which appellants say was not submitted to the voters, provides that the city commissioners, in the appointment of a chief of police, shall be limited in their selection to one of the two assistant chiefs of police. Appellants contend that this provision should have been included in the question which was submitted to the voters. As stated above, the entire ordinance was approximately seven pages in length and obviously it was not feasible to print it verbatim on the ballot. The statute directs that in the submission of the proposed ordinance to the voters it shall be "briefly described." We also note that it was stated in the question submitted that the proposed ordinance included certain rules and regulations pertaining to the police department. We think the description was sufficient.

It is insisted by appellants that KRS 89.250, which authorizes the procedure followed in this case, was impliedly repealed by the so-called "Salary Act" of 1950—KRS 64.480 to 64.760. They call attention to KRS 64.580 which provides in part: "The legislative body of each city shall fix the compensation of every city officer and employe * * *," and to KRS 64.690 where the legislative intent is expressed that the 1950 Act shall "supersede any existing statute * * * fixing the compensation, or authorizing any public officer or body to fix the compensation, of any public officer or employe" covered by that Act. A number of cases are cited on the subject of repeal of statutes by implication. We agree with appellants' statement that where a statute covers the whole subject matter of an earlier Act and it is apparent it was enacted as a substitute measure, it operates as a repeal of the earlier Act although it contains no express words to that effect. But we find nothing in the 1950 Salary Act on which to base the belief that the Legislature intended by the 1950 Act to repeal KRS 89.250 which relates to initiative procedure in cities operating under the commission form of government.

The judgment is affirmed.