**VANMETER et al. v. CITY OF PARIS, et al.**

Court of Appeals of Kentucky.

May 8, 1953.

Bradley & Blanton, Paris, Ogden, Galphin & Abell, Louisville, for appellants.

Raymond Connell and Dodge L. Whipple, Paris, for appellees.

CULLEN, Commissioner.

The Kentucky Utilities Company and three voters and taxpayers of the City of Paris, who were plaintiffs in an action seeking to compel the board of commissioners of the city to submit to a popular vote the question of adopting an ordinance for the sale of an electric franchise, have appealed from a judgment dismissing the action as having been prematurely brought.

In 1944, the City of Paris sold to Kentucky Utilities Company an electric franchise having a ten-year term. The franchise will expire on July 1, 1954. The city also owns a municipal electric plant, which operates in competition with the private utility.

Under KRS 96.010, a city is required to provide for the sale of a new franchise at least 18 months before the expiration of an existing franchise; however, the statute by its own terms does not apply in the case of a city (other than one of the first class) which owns and operates a municipal plant. Therefore it is agreed that the City of Paris is not required by the statute to offer a new electric franchise, nor is it governed by the statute if it elects (as it may do) to offer a new franchise.

The City of Paris is of the fourth class, operating under the commission form of government, and accordingly is subject to the initiative and referendum provisions embodied in KRS 89.230 to 89.260.

In July 1952 an initiative petition, containing the required number of signatures, was presented to the board of commissioners, requesting that an ordinance be passed providing for the sale of a new electric franchise. KRS 89.250 provides that upon the filing of an initiative petition, if the requested ordinance is one that the board has a legal right to pass, the board either must pass the ordinance within ten days or must submit the question of passage to the voters at the next regular election. The board of commissioners of the City of Paris took no action at all on the petition, and on August 28, 1952, the present suit was instituted, seeking a declaration of rights and a mandatory injunction compelling the board to submit the ordinance to the voters at the next regular election.

The case was set for hearing on October 11, 1952, and on that day the defendants asked leave to withdraw a general demurrer which they previously had filed, and to file a motion to dismiss the action as prematurely brought. On the same day the plaintiffs asked leave to file an amended petition, in which they stated that by reason of the refusal of the board of commissioners to submit the ordinance, and the delay incident to a trial of the pending action, it was too late for the ordinance to be submitted at the November election in 1952. It therefore was prayed, in the amended petition, that the board of commissioners be required to submit the ordinance at the next regular election following the entry of final judgment in the action.

Judgment was entered on November 17, 1952, denying the plaintiffs' motion for leave to amend their petition, and sustaining the defendants' motion that the action be dismissed as prematurely brought.

It appears that the theory upon which it was concluded that the action was premature was that the initiative petition, in July 1952, was filed too far in advance of the expiration date of the existing franchise in July 1954.

We are unable to concur in the view that the action was premature. The policy of the state, as concerns the granting of new franchises, is expressed by KRS 96.010, and that policy is that a new franchise shall be offered for sale at least 18 months before the expiration of an existing franchise. The obvious purpose of the 18 month period is to prevent an interruption of service in the event the holder of the existing franchise is not the successful bidder for the new franchise, or in the event the terms of the new franchise require a change of facilities.

While the statute does not apply in the particular case before us, it does furnish a standard for measuring prematurity. If the ordinance here in question had been submitted to and approved by the voters of Paris at the November 1952 election, and the new franchise had been offered immediately, the offer would have taken place only 19 months before the expiration of the existing franchise, closely conforming to the statute.

The appellees suggest that the case is moot, because the initiative petition sought ony a submission of the question at the November 1952 election, which has passed. However, we find that the initiative petition merely requested that the board of commissioners pass the ordinance. Submission of the question to the voters at the next general election, in the event the board of commissioners chose not to pass the ordinance, was a duty imposed by the statute, KRS 89.250, rather than a re-

quest contained in the initiative petition. The failure of the board of commissioners to comply with the statute cannot be given the effect of completely nullifying the initiative petition. It is our opinion that the real question in issue is whether the board of commissioners must submit the proposed ordinance to a popular vote, at some general election, and the mere passing of the date designated in the statute for holding the election does not render the question moot. Certainly the question whether the ordinance must be submitted at the November 1953 election is a most vital one, far from moot.

It is true that the plaintiffs' pleadings do not present the question of whether the ordinance must be submitted at the 1953 election, specifically, unless the tendered amended petition is accepted. The appellees maintain that the amended petition represented a "departure" from the original action, and the court was justified in denying permission to file the amended petition. We see no merit in this argument. The ultimate relief sought in the amended petition, namely, the submission of the ordinance to a popular vote, was the same as in the original petition. The only change was with respect to the date of the election, and this was necessitated by the conduct of the board of commissioners and the unavoidable delay in obtaining a hearing in the suit. Under these circumstances, we think that the amended petition should have been permitted to be filed.

The judgment is reversed, with directions to set it aside and to enter an order overruling the defendants' motion to dismiss the action, and an order sustaining the plaintiffs' motion for leave to file their amended petition.