**F. M. VANMETER et al., Appellants,**

**v.**

**CITY OF PARIS, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 19, 1954.

Ogden, Galphin & Abell, Louisville, Bradley & Blanton, Paris, for appellants.

Raymond Connell and David D. Cline, Paris, for appellees.

SIMS, Justice.

This is a second appeal; the first opinion appearing in Ky., 257 S.W.2d 909, gives the facts and issue involved, hence it is unnecessary to repeat them here. However, we will say that the only question decided on the first appeal was that the action was not prematurely brought and we there stated the question in issue is whether the Board of Commissioners must submit the proposed franchise ordinance to a vote of

the people under KRS 89.250 at some general election.

Upon a return of the case to the circuit court appellants were allowed to file their amended petition wherein they pleaded the Board arbitrarily and illegally refused to submit to the voters of the city under KRS 89.250 an ordinance providing for the sale of an electric franchise. The prayer of this pleading asked that the Board be mandamused to submit to the voters the ordinance, and for a declaration of rights. The answer pleaded among other things that the city had previously voted to and had been operating an electric plant and as appellants were seeking a renewal of a franchise, this fact made the question an administrative rather than a legislative function, and KRS 89.250 had no application; also that the relief sought by appellants would violate the former franchise issued by the city.

On a hearing the court dismissed the petition on the authority of Seaton v. Lackey, 298 Ky. 188, 182 S.W.2d 336. Evidently, the trial judge misconstrued the Seaton opinion.

■ That opinion went into many authorities dealing with "initiative" and "referendum" statutes and stated the general rule is that such statutes are applicable only to acts which are legislative in character and not to those dealing with administrative or executive matters, even though such administrative and executive acts are exercised by resolution or ordinance. We do not deem it necessary to here discuss the question as we could only repeat what was said in the Seaton opinion. As was there written, it is often difficult to determine whether the exercise of a power concerning a given subject matter is legislative in its character or administrative, but the rule is that the power to be exercised is legislative if it prescribes a new policy or plan, and is administrative if it merely pursues a plan already adopted by the legislative body or some power superior to it. We there held that KRS 89.600 and 89.610 are applicable only to ordinances which may be adopted by the legislative board of the city in the

exercise of a legislative discretion, and not to those which must be enacted pursuant to a plan prescribed by the General Assembly. An examination of the statutes shows KRS 89.600 and 89.610 are identical with KRS 89.240 and 89.250 except the former sections deal with the manager form of government while the latter deal with the commission form of government.

In City of Paris v. Kentucky Utilities Co., 280 Ky. 492, 133 S.W.2d 559, we said KS 2741m–1 (now KRS 96.010 after the 1936 amendment) mandatorily directed the legislative body of the city to offer a franchise for sale before the expiration of the existing franchise for the performance of the same service. And in the Seaton opinion we held that since the granting of the renewal franchise was made mandatory by the Legislature, there was no discretion in the city legislative body and the initiative and referendum statutes had no application. But the instant case differs from the Seaton case in that in the latter the city was not operating a public utility while in the case we are now considering it is, and KRS 96.010 expressly provides it is not mandatory upon the city to offer a renewal franchise where the city owns and operates a plant to render the service.

■ Thus, with KRS 96.010 not mandatorily requiring the city to offer a renewal franchise, because the city has its own electric plant, whether the city will offer such renewal franchise is a legislative and not an administrative matter, therefore under KRS 89.250 the city should have submitted the question to the voters.

We are not impressed with the city's argument that because in 1930 the citizens voted in favor of a municipally owned plant they decided for all time to come the city will never sell another franchise, therefore whether or not it would is an administrative and not a legislative matter. As a matter of fact, the city did sell a franchise in 1944 for a term of ten years.

■ Nor are we impressed with the city's argument that a renewal franchise will violate § 9 of the original franchise which re-

quires the company to remove its poles, wires and appliances from the city streets at the expiration of the franchise. Patently, this section has no application until it is determined whether the company's franchise will be renewed. Should the electorate vote against renewing the franchise, then under § 9 of the original franchise the company must remove its appliances from the city streets.

The judgment is reversed with directions that one be entered in conformity with this opinion.