CITY OF NEWPORT, Kentucky, Appellant,

v.

George GUGEL, etc., et al., Appellees.

Court of Appeals of Kentucky.

Oct. 7, 1960.

Rehearing Denied Feb. 24, 1961.

**518**

Thomas D. Hirschfeld, Newport, for appellant.

Lester & Riedinger, Newport, for appellees.

CULLEN, Commissioner.

In an action against the chiefs of the police and fire departments of the City of Newport, individually and as representatives of the members of the departments, the city sought a declaration with respect to the validity of a certain ordinance adopted by the voters pursuant to the initiative procedure authorized by KRS 89.610 for cities operating under the city manager form of government. The circuit court declared the ordinance valid and enjoined the city to put it into effect. The city has appealed.

The ordinance in question fixed minimum salaries for police and fire department personnel; prescribed the minimum personnel for various classes of positions; regulated working hours, vacations and days off without pay; and provided for the filling of certain positions (including that of City Alcoholic Beverage Administrator) from personnel of the police department.

One of the major grounds asserted by the appellant city for holding the ordinance invalid is that the county court clerk caused to be printed upon the absentee ballots and upon the voting machine labels, above the formal statement of the proposition to be voted upon, the words "Fair Pay Petition". This was done without any authority or basis in the petition for the election.

The method of indicating public questions upon ballots is prescribed in KRS 118.170 (3). This statute provides simply for stating the substance of the question, with two designated spaces on the right for "Yes" and "No" votes.

In Erwin v. Benton, 120 Ky. 536, 87 S.W. 291, where in a local option election the ballots carried a representation of the Bible over the "Dry" column and of a female figure holding aloft a balance over the "Wet" column, the court said (87 S.W. 296): "* * * There is no authority whatever for the use of a device or emblem upon the ballot submitting a public measure. * * * No device at all should have been used on the ballots. * * *" However,

the Court did not invalidate the election because no prejudice was shown.

Later, in Conley v. Hardwick, 141 Ky. 136, 132 S.W. 140, the Court held invalid a local option election where the "Dry" column on the ballots was headed by a representation of the Bible and the "Wet" column by a drawing of a whiskey bottle with a snake protruding from its mouth. The Court said (132 S.W. 141): * * * "The ballot is a means devised by law to secure a fair expression of the will of the people, and it should never contain devices that give to one side an undue advantage over the other. It was highly improper to use any devices at all, and absolutely inexcusable to use the devices referred to or either of them. * * *"

■■■ While the words "Fair Pay Petition" are mild and not calculated to arouse violent prejudices, nevertheless it is plain that they were put on the ballots and voting machine labels for propaganda purposes and with the thought that they would in fact influence some of the voters. We are in no position to say that the words did not accomplish the desired purpose. We have twice held that such devices are unauthorized, and we do not conceive that the courts should be. required to speculate as to whether an unfair election resulted from such a plain violation of the statute.

Particularly in the case of initiative measures, where the proposition to be voted on is not proposed to the voters by a public deliberative body, should care be taken that no improper influences creep into the election procedures. It is our opinion that the use of the words "Fair Pay Petition" on the ballots and voting machine labels was such an impropriety as to invalidate the election.

While we are holding the election invalid for the reason above stated, we are constrained to give attention also to the question of whether the measure here in question was such a one as comes within the scope of the initiative authority. In Rives

v. City of Paducah, 287 Ky. 709, 155 S.W.2d 33, this Court held that a similar type of ordinance could be adopted by initiative procedures, and we adhered to the Rives case in City of Maysville v. Kenton, Ky., 252 S. W.2d 39. We are disposed now to reexamine the question.

■■■ It is the general rule that initiative provisions are applicable only to acts which are legislative in character, and not to those dealing with administrative or executive matters. Seaton v. Lackey, 298 Ky. 188, 182 S.W.2d 336; Vanmeter v. City of Paris, Ky., 273 S.W.2d 49; 37 Am.Jur., Municipal Corporations, sec. 209, p. 845; 62 C.J.S. Municipal Corporations § 454 b, p. 873.

The rule that has been followed in this jurisdiction, for determining whether a particular matter is legislative or administrative, is that if the power to be exercised prescribes a new policy or plan it is legislative, whereas if it merely pursues a plan already adopted by the legislative body or some power superior thereto it is administrative. Seaton v. Lackey, 298 Ky. 188, 182 S.W.2d 336; Vanmeter v. City of Paris, Ky., 273 S.W.2d 49. Another form of the rule is that an ordinance originating or enacting a permanent law or laying down a rule of conduct or course of policy for the guidance of citizens or their officers or agents is legislative, while an ordinance which simply puts into execution previously declared policies or previously enacted laws is administrative. 37 Am.Jur., Municipal Corporations, sec. 209, p. 846.

In the Rives case (287 Ky. 709, 155 S.W. 2d 33), while the Court recognized the existence of the legislative-administrative test for determining the applicability of initiative procedures, the Court did not apply such a test, but reached its decision purely on a bare literal interpretation of the statutes. Since the initiative statute purported to authorize the voters to adopt through initiative procedures any ordinance that the city legislative body "has the legal right to pass" (KRS 89.610) and since the police and fire department statute (KRS 95.430)

provided that the city legislative body should fix "by ordinance" the salaries of policemen and firemen, the Court concluded that the voters could adopt a salary ordinance by initiative. In other words, the Court simply held that the voters by initiative could pass any measure that the city council could pass by ordinance.

. The holding in the Rives case is contrary to that in the Seaton and Vanmeter cases, supra, and to the generally accepted rule that the initiative power is limited to measures that are of a legislative nature. We are of the conclusion that the Rives case is unsound in that it did not follow the recognized rule, and we hereby overrule it (and City of Maysville v. Kenton, Ky., 252 S.W.2d 39 to the extent that it followed the Rives case).

. We address our attention, then, to the question of whether the ordinance here involved is legislative or administrative. The courts of other jurisdictions are sharply divided on the question. See Annotation, 122 A.L.R. 769, and supplemental decisions. It appears that Illinois, Iowa, Georgia, Ohio and Utah have held that ordinances of this kind are administrative and thus not within the initiative power, while Texas, South Dakota, Washington, Missouri and Alabama take the opposite view. California courts have gone both ways.

In considering which view is the proper one, it is important to keep in mind that under the city manager form of government in Kentucky the board of commissioners is vested with both legislative and administrative power, KRS 89.500, and that this combination of power, which for *state* government is prohibited, is recognized as proper for municipal government. See Bryan v. Voss, 143 Ky. 422, 136 S.W. 884. So the mere fact that the board of commissioners is empowered to take certain action by ordinance does not mean that the action is legislative.

Applying the test stated at a previous point in this opinion, we think it is clear that the ordinance here in question did not prescribe a "new policy or plan." While an overall, comprehensive plan or policy for personnel administration of the city government, giving consideration to such factors as the money resources available, the tax potential and its limitations, and the requirements of a unified budget, would be legislative in character, the same cannot be said of an ordinance that deals only with a segregated portion of the administrative personnel and with a part of the administrative problems, and merely prescribes details within the framework of a previously adopted general plan. Personnel administration is primarily an administrative matter, at least as far as concerns the details of management. To permit the electorate to initiate piece-meal measures affecting the fiscal affairs of the city without regard for the overall fiscal program, or measures not embodying a basic plan or policy for the entire area of government activity upon which the measure touches, could result in destruction of the efficient administration of the affairs of the city, and we do not believe the initiative statute so intends.

It is our opinion that the ordinance here involved was administrative in nature and therefore not within the scope of the initiative power.

To the extent that this opinion overrules Rives v. City of Paducah, 287 Ky. 709, 155 S.W.2d 33, and City of Maysville v. Kenton, Ky., 252 S.W.2d 39, it is prospective in operation, and does not invalidate any initiative ordinance heretofore adopted by proper procedures.

The disposition we have made of the two major issues in the case makes it unnecessary for us to discuss other questions raised. However, with respect to a question concerning the necessity that the city give bond in order to stay injunction pending appeal, we call attention to the recent amendment to CR 65.05, effective June 1, 1960, under which a political subdivision is

exempted from the requirement of giving an injunction bond.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.