**KATTER, INCORPORATED, Appellant,**

v.

**R. L. BROCKMAN, City Manager of the City of Paducah, et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 29, 1961.

 

James G. Wheeler, Thomas J. Marshall, Jr., Paducah, for appellant.

Earle T. Shoup, H. Warren Middleton, Paducah, for appellees.

STANLEY, Commissioner.

The question before the court is whether an ordinance of Paducah authorizing the purchase of certain property from Katter, Incorporated for a city hall and other municipal use and providing for payment of $550,000 therefor is properly subject to approval or rejection by the voters of the city in a referendum under KRS 89.590(1) and 89.600. The circuit court adjudged that it is subject to a referendum and that the ordinance had not become effective because of a protest and petition for a referendum.

Paducah has adopted the city manager form of government in accordance with KRS 89.010 et seq. The Board of Commissioners of the city had on December 27, 1960, established a Public Works Cumulative Reserve Fund to provide money for paying the cost of "a long range program of municipal public works," as authorized by KRS 66.410. Municipal buildings were among many purposes declared to be public works. The ordinance stated that $601,-655.06 had been previously set aside and al-located to the reserve fund. The ordinance providing for the purchase of the Katter property directed the payment of the consideration from the reserve fund upon delivery of a deed with an insured title. The ordinance directed that it should remain on file and become effective ten days after its adoption. This clause conforms to the terms of the referendum statute. KRS 89.590(1). Within that period there was filed a protest against the purchase of the Katter property and petition that the question be submitted to the voters in the manner provided by the statute.

On April 12, 1961, Katter notified the city that it had complied with the terms of the purchase ordinance and demanded payment of the consideration. The city officials refused to comply upon the ground that the ordinance had not become effective by reason of the filing of the referendum petition. The present suit prayed for a mandatory injunction compelling compliance. The answer pleaded the reasons which had been assigned for not having consummated the transaction.

The appeal submits two grounds for reversing the judgment. One is that paragraph (1) of KRS 89.590, which provides for a referendum on ordinances of cities of the second and third classes, had been repealed. The other ground is that the purchase ordinance in question is not subject to a referendum.

I.

The appellant contends that subsection (1) of KRS 89.590, upon which the appellees rely as authority for a referendum, was repealed by § 2 of Chapter 76 of the Acts of 1942. Section 1 of that Act undertook to amend § 3235 dd–42 of Carroll's Kentucky Statutes, setting it forth as amended in the form of two subsections. Section 2 of the Act provided that in the event the Kentucky Revised Statutes should be enacted at the same session of the legislature, subsection (1) of the amended § 3235 dd–42 should stand re-

pealed as of the effective date of the Kentucky Revised Statutes, and that subsection (2) of the amended section should be treated as being subsection (2) of KRS 89.590, "and KRS 89.590 shall otherwise remain in full force and effect." The bill to enact the Kentucky Revised Statutes was pending at the same session, and that bill, which embodied the full text of the statutes in revised form, provided for the repeal of all former statutes. See Chapter 208 of the Acts of 1942. An examination of the volume of Session Acts for the 1942 session discloses that every Act which undertook to amend or repeal one or more sections of Carroll's Statutes carried a clause similar in form to § 2, Ch. 76, making provision as to how the particular Act should be treated in the event the Revised Statutes were enacted. It is obvious to us that the purpose of these clauses was to insure that the *net result or effect* of the regular Acts passed at the 1942 session would be the same whether or not the Revised Statutes were enacted.

It is clear that the legislature intended that if the Revised Statutes were *not* enacted, the substance of law set forth in both subsections of § 1 of 1942, ch. 76, should be in force. By giving effect to the plain provisions of § 2 of the Act, the same substance of law would be in force if the Revised Statutes *were* enacted, because the original KRS 89.590 (which the Act said should remain in force and effect) would embody the substance of subsection (1) of § 1 of the Act, and the substance of subsection (2) of § 1 of the Act would continue in force by virtue of its being treated as being subsection (2) of KRS 89.590.

We think the only reasonable construction of the 1942 Act is that the legislature intended, simply as a matter of legislative mechanics, that subsection (1) of § 1 of the Act be dropped as a written expression of the law, in the event of the enactment of the Revised Statutes, because its substance would appear in KRS 89.590. The object

was to avoid a duplication. It is to be noted that Revised Statutes as published contained the amended law.

■ It is our opinion that subsection (1) of KRS 89.590 as set forth in the official edition of the Kentucky Revised Statutes has been in force and effect since 1942.

## II.

The appellant argues that the ordinance in question is not subject to a referendum because it is administrative in character as it only chooses a particular property and orders payment therefor, and thereby carries into effect the plan of the legislative ordinance establishing the reserve fund and allocating money for the acquisition of a city hall or municipal building.

We have stated in several cases that it is the general rule that initiative and referendum statutes are applicable only to acts which are legislative in character and are not applicable to administrative matters. Kentucky Utilities Co. v. Ginsberg, 255 Ky. 148, 72 S.W.2d 738; Board of Com'rs of City of Middlesboro v. Kentucky Utilities Co., 267 Ky. 99, 101 S.W.2d 414; Seaton v. Lackey, 298 Ky. 188, 182 S.W.2d 336; Kohler v. Benckart, Ky., 252 S.W.2d 854; Vanmeter v. City of Paris, Ky., 273 S.W.2d 49; City of Newport v. Gugel, Ky., 342 S.W.2d 517. Both parties have cited cases from other jurisdictions which seem to sustain their respective arguments as to the application of the referendum statutes to like ordinances. The statutes of different states are not uniform in their terminology (Note 122 A.L.R. 769), hence, we have confined the statements in our opinions to be that the rule generally draws a distinction between the character of classes of ordinances. We, therefore, look to the specific terms of our statute. The language is explicit. KRS 89.590(1) is, in pertinent part, as follows:

"Every ordinance or resolution ordering the construction or reconstruc-

tion of any street or sewer, or *making or authorizing any contract involving the expenditure of more than one thousand dollars*, in a city of the second or third class, * * * shall, after its introduction and before its adoption, remain on file at least one week for public inspection in the completed form in which it shall be put upon its final passage. No such ordinance or resolution shall go into effect until the expiration of ten days after its passage, except * * * in case of emergency," etc. (Emphasis added.)

That section is supplemented by KRS 89.600, which declares that if during the ten days next following the passage of any ordinance that cannot become effective within ten days after its passage, a petition for referendum (as described) is presented to the Board of Commissioners protesting against the passage of the ordinance, it shall be suspended from going into effect and if not previously repealed, the Board shall submit the ordinance to a vote of the people in the form of a question whether it shall go into effect. If a majority vote affirmatively, the ordinance shall go into effect.

Another statute, KRS 89.230 and 89.240, relating to public works of cities of the second, third and fourth classes operating under the *commission* form of government, authorizes the submission to referendum in like language, namely, "Every ordinance or resolution * * * making or authorizing any contract involving the expenditure of more than one thousand dollars in a city of the second class" or the granting of any franchise, shall be subject to a referendum.

These statutes clearly embrace the action of the Board of Commissioners of Paducah in making the contract for the purchase of the appellant's property, irrespective of the limitations of the general rule above described. We are of opinion, therefore, that the judgment is correct.

Judgment affirmed.