JOHN L. FAHERTY ET AL., PROSECUTORS, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF BERNARDS ET AL., DEFENDANTS.

Submitted October 5, 1939—Decided January 11, 1940.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutors, *J. Harry O'Brien* (*Walter C. Sedan*, of counsel).

For the defendant township committee, *Anthony P. Kearns*.

For the defendant Ridgeland Cemetery Association, *Charles S. Smith*.

For the defendant Parmenas J. Boyle, *James I. Bowers*.

The opinion of the court was delivered by

PARKER, J.  The writ brings up for review an ordinance passed by the township committee, after a hearing, on May 2d, 1939, and the municipal action culminating in that ordinance.  The litigation began with a rule to show cause made on June 29th, nearly two months later; and the writ was allowed upon the return of the rule.  Depositions were taken pursuant to leave of court contained in the *allocatur*.

The ordinance in question is entitled "An ordinance granting permission for cemetery purposes to Ridgeland Cemetery Association."  It relates to a tract of land in the northwesterly section of Basking Ridge, lying west of the railroad.

bounded by it on the east, on the west by a street called Mountain avenue, and on the north by an existing cemetery. The prosecutors are owners of residential properties in the neighborhood, and claim that the existence of the proposed cemetery will result in personal inconvenience and in depreciation in value of their properties.

For the township the point is made at the outset that even assuming the illegality of the ordinance, which authorizes the use of the land in question as a cemetery, it does not appear that any of the prosecutors has "a personal property interest which will be specially affected in an injurious manner by the enforcement of the ordinance." *Tallon* v. *Hoboken,* 60 *N. J. L.* 212, and cases cited; *Hamilton Lumber Co.* v. *Paterson,* 121 *Id.* 95.

We deem the point well taken, and that it is dispositive of the case. It is in evidence that the proximity of a cemetery is injurious to property values in the neighborhood, and for present purposes this may be assumed; but the prosecutors cannot properly claim special injury different from that of any other neighboring property owner. The distinction was pointed out in the Tallon case, *ubi supra,* in which the prosecutors generally were owners along a street where a trolley railroad was authorized by the municipality. One of them was subjected to a special injury in respect of his property right in the sidewalk in front of his premises because one of the trolley poles was to be placed at that point, and the Court of Errors and Appeals said (60 *N. J. L.,* at *p.* 214), "he therefore has a property right which is, apparently, specially affected by this ordinance, and consequently is entitled to contest its validity by *certiorari.*" However, none of the present prosecutors appears to have any such exceptional status; and in view of the rule laid down by these previous cases, the proper course in the present case is to dismiss the writ, with costs, and such will be the order.

Several points of more or less interest are made in the briefs (there was no oral argument), but in view of the result which we have reached, it is unnecessary to deal with any of them.