JOSEPH E. APPLEY, PROSECUTOR, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF BERNARDS, IN THE COUNTY OF SOMERSET, DEFENDANT.

Submitted October 7, 1941—Decided February 28, 1942.

Before BROGAN, CHIEF JUSTICE, and Justice HEHER.

For the prosecutor, *Eugene F. Hoffman* (*Saul W. Arkus,* of counsel).

For the defendant, *Augustus R. Coddington* (*Anthony P. Kearns,* of counsel).

The opinion of the court was delivered by

HEHER, J.  Prosecutor challenges the validity of an amendment of the zoning ordinance of the defendant Township of Bernards adopted June 3d, 1941, upon the ground that it "arbitrarily converts 'Residence "A" ' property into 'Business' property notwithstanding the absence of any change in its character or in the character of the property in the vicinity."

The original ordinance was enacted on December 22d, 1937. The tract commonly known as "The Old Basking Ridge School Property," situate at the northeasterly corner of Maple Avenue and Lindbergh Lane, was thereby constituted a "Residence 'A' " zone.  It was bounded on the north, east and south by a "Residence 'B' " district, and on the west by one zoned for business.  By the amendment, the whole of the "Residence 'A' " division thus delineated was rezoned as a "Business" district, limited to the pre-existing prescribed uses.  The zoning otherwise remained unchanged.

The school parcel so confined to business uses is irregular in shape, with an area of a little more than an acre.  It has a frontage of 230 feet on the easterly side of Maple Avenue, and extends to the east, along the northerly side of Lindbergh Lane, a distance of 220 feet.  Prosecutor is the owner of lands comprising between four and five acres contiguous to the area in question, running north along the easterly side of Maple Avenue to Oak Street and extending on the east along Lindbergh Lane from the rear of the school lands to Homeland Avenue, a street paralleling Maple Avenue.  There are erected thereon a tenanted three-family house, located at the southeasterly corner of Maple Avenue and Oak Street, and a dwelling house adjoining the school property to the northeast, occupied by prosecutor.  The remainder of his land is unimproved.  All of his lands are situate in a "Residence 'B' " zone.  The school plot contains a stone building used as a schoolhouse until its abandonment as such by the local board of education in March, 1941.  The area to the north, east and south thereof is and always has been devoted to residential uses—to one-family houses in the main, some of which have been built since the enactment of the original ordinance.  The westerly side of Maple Avenue, from Oak Street south to a

point not far beyond Henry Street, and the area to the west across Finly Avenue to Brownlee Place, are comprised within a district zoned for business and devoted to such use.

There is a preliminary question to be considered. It is said that "the injury complained of is only that common or general to all such property owners" outside of the area thus reclassified, and prosecutor therefore has not shown "such special injury or interest" as is requisite to the maintenance of this proceeding. We think otherwise.

It was conceded that certain uses permissible in a "Business" zone would substantially depreciate the value of lands contiguous thereto for residential purposes merely by reason of such adjacency; and so prosecutor has that special interest essential to a review of the action by *certiorari*. The writ of *certiorari* will lie where there is a showing that the applicant "will suffer a special injury beyond that which shall affect him in common with the remainder of the public." *Tallon* v. *Hoboken,* 60 *N. J. L.* 212; *Barnes* v. *Park Commission,* 85 *Id.* 70; *affirmed,* 86 *Id.* 141; *Beecher* v. *Newark,* 64 *Id.* 475; *affirmed,* 65 *Id.* 307; *Faherty* v. *Bernards Township,* 123 *Id.* 551; *O'Brien* v. *Public Utility Board,* 92 *Id.* 44; *affirmed, Id.* 587.

Prosecutor adduced evidence tending to show that certain uses authorized in the district as rezoned would depreciate his "home * * * 40%, and the property furthest away * * * 25%, and an average on the whole property of 33 1/3%." The local tax collector, called as an expert witness by defendant, testified that "were a business zone created immediately adjacent to private dwellings, which did not exist in a business zone," it is "probable that the value of those dwellings would depreciate," but that that would not be the case "if the residence were already in proximity to the business zone," although "that would depend upon what is erected in the business zone." If not a valid exercise of the zoning power, the regulation constitutes an immediate invasion of the property rights of such adjoining landowner remediable on *certiorari*.

Does the classification thus made reasonably tend to subserve the essential policy underlying zoning, *i. e.,* is it justified

by any of the considerations set down in *R. S.* 1937, 40 :55-32 ? It· is requisite that the zoning regulations be "in accordance with a comprehensive plan" designed for one or more of such purposes, and "be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout" the municipality. *Dubin* v. *Wich,* 120 *N. J. L.* 469; *Brandon* v. *Board of Commissioners of Town of Montclair,* 124 *Id.* 135; *affirmed,,* 125 *Id.* 367. And there cannot be an arbitrary, unreasonable or capricious exercise of the power. *Phillips* v.·*Township of Teaneck,* 120 *Id.* 45; *affirmed,* 122 *Id.* 485; *Linden Methodist Episcopal Church* v. *Linden,* 113 *Id.* 188. The restraint thus imposed upon land use will be struck down if it "passes the bounds of reason and assumes the character of a merely arbitrary fiat." *Purity Extract and Tonic Co.* v. *Lynch,* 226 *U. S.* 192, 204; 33 *S. Ct.* 44; 57 *L. Ed.* 184. The lawmaking body may not, under the guise of the zoning power, impose restrictions that "are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities." *Washington, ex rel. Seattle Trust Co.* v. *Roberge,* 278 *U. S.* 116; 49 *S. Ct.* 50; 73 *L. Ed.* 210; *Nectow* v. *Cambridge,* 277 *U. S.* 183; 48 *S. Ct.* 447; 72 *L. Ed.* 842; *Euclid* v. *Ambler Really Co.,* 272 *U. S.* 365; 47 *S. Ct.* 114; 71 *L. Ed.* ·303. And if the validity of the action be fairly debatable, the legislative judgment prevails.

The particular regulation does not satisfy these requirements. It is plainly arbitrary. There is no discernible reason grounded in the statute for this limitation of the school tract to business uses, while the adjoining lands abutting on Maple Avenue are restricted to residential purposes. Indeed, defendant offered evidence that it was "intended to use the ground ·for municipal purposes." But there was no avowal of such intention on the argument here; and, as noted, the district is not so limited.

The zoning of one side of a street for business and the other side for residential uses may in certain circumstances constitute a distinct disservice to the policy of the statute.

*Fischer* v. *Borough Council, South Toms River*, 13 *N. J. Mis. R.* 852. Certainly, this is so where, as here, what is deemed unfair discrimination in this regard is but partially eradicated, and lands contiguous to the rezoned section, and having a common street frontage, remain under the restrictions laid upon a residential use district.

The ordinance as originally framed gave recognition to the school lands as an essentially residential area; and the proofs are one on the proposition that there has since been no change of conditions to warrant the reclassification. The abandonment of the school use did not, of course, effect a change in the character of the *locus*. And there is an utter lack of evidence tending to show need for the expansion of the preexisting business district. It is fundamental in zoning under the police power that lands in like situation are to be classified alike. Arbitrary discrimination is inadmissible. The action must be grounded in reason and judgment based upon the policy of the statute. It must be in accordance with law or it is capricious. The amendment flouts the mandate of the statute that zoning rules and regulations shall be made with "reasonable consideration" to the "character of the district and its peculiar suitability for particular uses," the maintenance of property values, and the devotion of land in the municipality to its "most appropriate use." While factually dissimilar, the general principle was applied in *Guaranty Construction Co.* v. *Bloomfield*, 11 *N. J. Mis. R.* 613; *Linden Methodist Episcopal Church* v. *Linden, supra; Mulleady* v. *Trenton*, 9 *Id.* 1102.

Thus it is that the regulation in question is arbitrary and unreasonable, and therefore a perversion of the zoning power; and the amendment of the ordinance is accordingly vacated, with costs.