This matter is before the court pursuant to a writ of certiorari allowed by the former Supreme Court to review an amendment of Union City's zoning ordinance.
The zoning ordinance was adopted in 1930. It established residence, business and industrial districts within the city's territorial limits and included New York Avenue from Eighth Street through Twenty-Sixth Street within a residence district. In January, 1947, the individual respondents Frank Molino and Anthony Troyer purchased a vacant lot 50 feet by 60 feet located at the southeast corner of New York Avenue and Twelfth Street for the purpose of erecting a gasoline service station thereon. They obtained a building permit which was revoked shortly after its issuance evidently because the proposed use would have been in direct violation of the provisions of the ordinance. On June 19, 1947, they obtained *Page 221 
the passage of an amendment to the ordinance which reclassified their 50 by 60 foot lot from residence to business purposes. As a result, all of the nearby properties are still within a residence district and their property appears on the zoning map as an isolated business tract surrounded on all sides by a residence district. Many property owners in the vicinity objected to the amendment prior to its passage and the appellant, who owns and lives in a dwelling house within twenty-five feet of the proposed gasoline service station, now urges that its enactment was an invalid attempt at "spot zoning".
New York Avenue from Eighth Street through Twelfth Street contains many stores used for various business purposes. These are non-conforming uses which were in existence prior to the adoption of the ordinance in 1930. Dwelling houses are interspersed between the stores and dwelling apartments are located above them. The neighborhood has remained substantially unchanged since the adoption of the ordinance.
In support of the amendment the City asserts that it considered that the entire neighborhood was business in character, that it believed that its original zoning for residential purpose "was erroneously done" and that "hardship would be done to the owners of the property in question if they were not permitted to use this property for business purposes". There is no explanation offered as to why, if these views were entertained, it did not rezone the whole area but merely sought to transfer the single lot to a business zone while retaining all of the surrounding property in a residence zone.
Although municipalities have power to adopt zoning regulations by ordinance, the regulations must be in accordance with a comprehensive plan designed to promote specified statutory purposes relating generally to the health, safety and welfare of the community. R.S. 40:55-32; Crow v. Westfield, 136 N.J.L. 363,365 (Sup.Ct. 1948). Similarly, zoning districts may be created by ordinance and may be enlarged or otherwise altered by amendment thereof, (Taylor v. Hackensack, 137 N.J.L. 139, 141(Sup.Ct. 1948)) provided always that the action is in reasonable fulfillment of the statutory policies. Appley v.Bernards Township, 128 N.J.L. 195 *Page 222 (Sup.Ct. 1942) aff'd 129 N.J.L. 73 (E. A. 1942). If an exception or variance from the restrictions applicable to a district is sought because of undue hardship or related statutory ground (R.S. 40:55-39 last amended in P.L. 1948, c. 305) proceedings may be had before the Board of Adjustment which actsquasi-judicially in accordance with prescribed standards.Brandon v. Montclair, 124 N.J.L. 135 (Sup.Ct. 1940) aff'd 125 N.J.L. 367 (E. A. 1940).
In the instant matter the individual respondents chose not to seek an exception or variance before the Board of Adjustment and the City chose not to enlarge a business zone by inclusion of an adjacent area which it now states has at all times been predominately business in character and was erroneously excluded from the nearest business zone when the original zoning ordinance was adopted. On the contrary, the City retained the zoning residence restrictions with respect to everyone's property except that purchased by the individual respondents. The City's action was not part of any comprehensive plan, was in nowise calculated to achieve the statutory objectives, and resulted in the circumvention of the functions of the Board of Adjustment and in unwarranted discrimination in favor of the individual respondents. If the amendment were permitted to stand the individual respondents' property would be the only one on New York Avenue in the entire area from Eighth Street through Twenty-Sixth Street which would be available for all of the various uses permitted in business districts; all other properties within the area, though similarly situated, would be confined to their use as dwellings or if they were non-conforming uses to a restricted continuation thereof. R.S. 40:55-48. Such arbitrary discrimination has been consistently struck down by our courts. See Appley v. Bernards Township, supra, where Mr. Justice Heher, in setting aside an amendment to a zoning ordinance, said:
"It is fundamental in zoning under the police power that lands in like situation are to be classified alike. Arbitrary discrimination is inadmissible. The action must be grounded in reason and judgment based upon the policy of the statute. It must be in accordance with law or it is capricious. The amendment flouts the mandate of the statute that zoning rules and regulations shall be made with `reasonable *Page 223 
consideration' to the `character of the district and its peculiar suitability for particular uses,' the maintenance of property values, and the devotion of land in the municipality to its `most appropriate use.' While factually dissimilar, the general principle was applied in Guaranty Construction Co. v.Bloomfield, 11 N.J. Mis. R. 613; Linden Methodist EpiscopalChurch v. Linden, supra [113 N.J.L. 188]; Mulleady v.Trenton, 9 Id. 1102."
Like principles have recently been expressed in other jurisdictions in cases where, as here, "spot zoning" resulting in arbitrary discrimination has been attempted. See DeBlasiis v.Bartell, 143 Pa. Super. 485, 18 A.2d 478, 484 (1941);Smith v. Board of Appeals, 313 Mass. 622, 48 N.E.2d 620
(1943); Page v. City of Portland, 178 Ore. 632,165 P.2d 280 (1946); Polk v. Axton, 306 Ky. 498,208 S.W.2d 497 (1948).
Since we are satisfied that the amendment must be nullified for the reasons expressed, we need not consider other contentions advanced on behalf of the appellant.
The amendment dated June 19, 1947, is set aside.