4 N.J. 556 (1950)
73 A.2d 540
LOUIS J. MENGES, ET AL., PLAINTIFFS-APPELLANTS,
v.
THE TOWNSHIP OF BERNARDS, ET AL., DEFENDANTS-RESPONDENTS.
The Supreme Court of New Jersey.
Argued May 22, 1950.
Decided May 29, 1950.
*558 Mr. Chester Mueller argued the cause for the appellant.
Mr. Anthony P. Kearns argued the cause for the respondent.
"This is a proceeding in lieu of a prerogative writ. The plaintiffs attack the validity of an amendment to the Zoning Ordinance of the Township of Bernards enacted by the defendant Township on March 8, 1949. The single question for resolution is whether or not the original zoning map of the Township which the March 8, 1949, amendment sought to cure was mistaken as to its delineation of the location of the Industrial Zone.
"In limine there is posed the question of the right of two of the plaintiffs, Louis J. Menges and Mary C. Menges, his wife, to question the propriety of the amendment by reason of the fact that it is asserted by counsel for the defendants they are not property owners. Learned counsel for the plaintiffs suggests that the plaintiffs Menges have a right as suitors by reason of the fact that Louis J. Menges is president and principal stockholder of the Lou Menges Organization, Inc., which, it is admitted, is the owner of one of the properties asserted to be injuriously affected by the amendment of 1949. The argument is made that in so far as the injury affects the property of the corporation it affects the stockholders' interest therein and as such the plaintiffs Menges will suffer special injury beyond that which will affect them in common with the remainder of the public. This argument seems to me insubstantial. In Faherty v. [Township Committee of] Bernards *559 Township, 123 N.J.L. 551, the court held that `certiorari will not lie in favor of private prosecutors to review a municipal ordinance unless it appears that such prosecutors have a personal property interest which will be specially affected in an injurious manner by the enforcement of such ordinance.' No such interest appears so far as these plaintiffs are concerned and since there is admittedly no ownership of the property in these plaintiffs they have no status as suitors. The status of the remaining parties plaintiff is otherwise. It appears that they are owners of property near the premises made the subject matter of re-location by the ordinance of 1949.
"Vide Appley v. Township [Committee] of [Township of] Bernards, 128 N.J.L. 195, at page 197.
"The allegation of nuisance, contained among others in the complaint, is no concern of this tribunal. It has had consideration in Lou Menges Organization, Inc., et al., v. North Jersey Quarry Company, 3 N.J. Super. 494, 67 A.2d 358. The learned court held in that case, in which, as appears, suit was brought on behalf of one of the here ostensible plaintiffs under the title of Lou Menges Organization, Inc., that the plaintiffs' apprehension of prospective consequential injury by reason of the operation of the defendant's stone quarry was in the field of imagination rather than reality, and in the absence of objective proof to sustain the plaintiffs' fears there could be no relief and directed that judgment go in favor of the defendant.
"There is apparently no attack on the validity of the original Zoning Ordinance of the defendant Township, which was adopted in the year 1937, and no attack on the formality of the adoption and publication of the amending ordinance of 1948. The plaintiffs' complaint is directed against the accuracy of the viewpoint that the original ordinance was incorrect in its delineation of the Industrial Zone and says in fact that it was correct and needed no amendment. The testimony on the question of the true situs of the Industrial Zone divides sharply between the professional engineer, a *560 witness for the plaintiff, and the licensed land surveyor, a witness for the defendants. The plaintiffs' witness who made no survey on the ground says that the original zone map is correct. The defendants' witness who made a survey on the ground says that it was incorrect.
"Examination of the whole field of testimony leads me to the conclusion that the plaintiffs have not sustained the burden of proof as they are legally obliged to do. Vide Christie et al. v. Mayor et al. of Garfield, 13 N.J. Misc. 331.
"The complaint will be dismissed."
PER CURIAM.
The judgment is affirmed for the reasons expressed in the opinion of Judge Brennan in the Court below.
For affirmance  Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON  7.
For reversal  None.