12 N.J. Super. 182 (1951)
79 A.2d 321
ALBERT AND IRIS M. CAMPBELL, WILLIAM E. RAUBER, HERBERT AND IMOGENE ROSENGREN, WENDELIN ORTH, JR., GERALD S. AND RUTH H. WHITTAKER AND JULIUS AND WINIFRED SELLIKEN, PLAINTIFFS-RESPONDENTS,
v.
BOROUGH OF HILLSDALE, JAMES A. TATEM, MAYOR; GARRETT A. STORMS, BOROUGH CLERK; EDWIN DANE AND NEBBUL, INC., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 19, 1951.
Decided March 7, 1951.
*183 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. James A. Major argued the cause for the appellants (Messrs. Major & Carlsen, attorneys).
Mr. George A. Brown argued the cause for the respondents (Messrs. Morrison, Lloyd & Griggs, attorneys).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment entered in the Law Division setting aside the amendment of March 30, 1949, to the Hillsdale zoning ordinance insofar as it established a "B" Limited Commercial and Light Manufacturing District.
The zoning ordinance of the Borough of Hillsdale, as originally enacted in 1929, provided for an "O" Residence District, among others. In April, 1946, an amendment was adopted creating a new "OO" Residence District for one-family dwellings and providing for minimum size of plot and street frontage. This district included the so-called Lubben property which was then properly being used as a chicken farm. The *184 general vicinity may be described as farm land without sign of industrial activity. In July, 1946, Lubben applied for permission to alter and operate his premises for the manufacture and packing of candy. His application was denied by the local building inspector and on appeal the denial was sustained by the board of adjustment. However, in August, 1946, the borough's governing body purported to grant to Lubben permission to use his premises for the manufacture and packing of candy until May, 1951; this action was set aside by the former Supreme Court. See Lynch v. Hillsdale, 136 N.J.L. 129 (Sup. Ct. 1947); affirmed, 137 N.J.L. 280 (E. & A. 1948).
Thereafter petitions were addressed to the governing body requesting that the zoning ordinance be amended to enable the operation of the candy factory on the Lubben premises notwithstanding that it was located within a highly residential zone. Under date of March 12, 1949, the governing body addressed a letter to registered voters of the borough which pointed out that the proposed change was considered "poor planning" by the borough's planning board, had been disapproved by the members of the board of adjustment when the subject was before them, and expressed the belief that if the vacant land in the residential area of the borough were permitted to be developed in accordance with the existing ordinance there would result "a moderate and stable tax bill for the people of Hillsdale." Nevertheless, the governing body suggested that the wishes of a majority of the citizens would be followed and a reply card was enclosed with the request that it be signed and returned. There were 1,300 replies of which approximately 1,100 voiced approval of operation of the candy factory at the Lubben premises. Although the record does not disclose where the 1,100 persons resided it is acknowledged that most of them do not live anywhere near the Lubben property. Thereafter on March 30, 1949, the borough adopted an amendment to its zoning ordinance which in part established, within the "OO" Residence District and surrounded entirely thereby, a new "B" Limited Commercial and Light Manufacturing District. This new district *185 consists solely of the acre of land on which the Lubben building is located and the only new use permitted is "the manufacture, storage, packing and sale of candy at wholesale." In due course the plaintiffs who reside and own property in the vicinity instituted action seeking to set aside the amendatory ordinance and naming as defendants the borough, its mayor and clerk, and Edwin Dane and Nebbul, Inc., the present owners of the Lubben building. After trial, the Law Division entered judgment which set aside the amendment in so far as it established the "B" Limited Commercial and Light Manufacturing District and the defendants Edwin Dane and Nebbul, Inc., have appealed therefrom.
We consider that the lower court's action was proper under the principles recently expressed by this court in Cassinari v. City of Union City, 1 N.J. Super. 219 (App. Div. 1949). As there, the attempt to create the small isolated manufacturing "district" within the highly residential area and surrounded entirely thereby was not part of any comprehensive zoning plan and was in no significant sense calculated to achieve the statutory objectives. The candy factory was not in keeping with the character of the neighborhood and the purpose and effect of the amendment was to grant, without proper proceeding and showing before the board of adjustment (cf. R.S. 40:55-39; Lynch v. Hillsdale, supra), special permission to use the appellants' property for their desired industrial purpose while confining all other comparably situated properties in the neighborhood to the severely limited uses permitted in the "OO" Residence District. Similar arbitrary discrimination has heretofore been struck down by our courts. Cassinari v. City of Union City, supra; Appley v. Bernards Twp., 128 N.J.L. 195 (Sup. Ct. 1942); affirmed, 129 N.J.L. 73 (E. & A. 1942).
The appellants appear to place reliance upon the fact that a majority of the registered voters in the community had expressed themselves in favor of the amendment. While the borough's informal referendum was entirely permissible it admittedly had no binding effect and the governing body's full responsibility remained. Most of the voters lived in *186 homes which were not in the vicinity and presumably would not be affected by the operation of the factory. Cf. Phillips v. Township Council, &c., Teaneck, 120 N.J.L. 45, 48 (Sup. Ct. 1938); affirmed, 122 N.J.L. 485 (E. & A. 1939). It appears sufficient to note that if the governing body were to abide an informal referendum of the voters of the entire borough in every instance when a property owner desired to use his residential property for a prohibited purpose, the underlying beneficent purposes of the borough's zoning plan would probably soon be frustrated.
The judgment of the Law Division is affirmed.