106 N.J. Super. 444 (1969)
256 A.2d 85
LAWRENCE SMITH, HERMAN ZIEGLER, IRWIN KLEPPER, MARVIN WEINBERGER AND PAUL GOLDMAN, PLAINTIFFS,
v.
THE TOWNSHIP OF LIVINGSTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, THE PLANNING BOARD OF THE TOWNSHIP OF LIVINGSTON, THE BUILDING INSPECTOR OF THE TOWNSHIP OF LIVINGSTON, N.K. WINSTON CORPORATION OF THE STATE OF NEW YORK, AND LIVINGSTON PROPERTIES CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 31, 1969.
*447 Mr. Clive S. Cummis for plaintiffs (Messrs. Cummis, Kent & Radin, attorneys).
Mr. Louis Bort for defendants Township of Livingston and municipal bodies.
Mr. Theodore L. Abeles for defendants Livingston Properties Corp. and N.K. Winston Corporation (Messrs. Lum, Biunno & Tompkins, attorneys).
MINTZ, J.S.C.
Defendants N.K. Winston Corporation and Livingston Properties Corp. move for summary judgment on their second counterclaim, third counterclaim and cross-claim. Summary judgment is not sought on the cross-claim to the extent that it incorporates the first counterclaim.
The complaint alleges the following facts. Plaintiffs are property owners and residents in Livingston Township, Essex County. Defendant N.K. Winston Corporation is the proposed developer of a tract of about 58 acres for a shopping center on property owned by defendant Livingston Properties Corp. situate at the intersection of South Orange Avenue and Walnut Street in Livingston Township. On January 27, 1969 plaintiffs and others filed an initiative petition with the township clerk whereby it is proposed that the governing body of the township adopt an ordinance amending the present zoning ordinance so that the designation of the zone in which the aforesaid property is located would be changed from "D-S" Designed Shopping Center District to "R-L" Office Building and Research Laboratory District.
The initiative petition filed with the township clerk contains 2340 purported signatures. After checking 1400 signatures, the towship clerk certified the ordinance proposed in the petition to the town council since it contained the genuine signatures of qualified voters in excess of 15% of the *448 valid votes cast in the township at the last preceding election for members of the General Assembly. Plaintiffs assert that pursuant to N.J.S.A. 40:69A-191 and 192 they are entitled to have their proposed ordinance passed upon at the next general election.
The complaint also alleges that defendants N.K. Winston Corporation and Livingston Properties Corp. applied to the Livingston Planning Board for approval of their site development plans for the proposed shopping center after the filing of the initiative petition. It is charged that these defendants seek to acquire vested rights before the voters have an opportunity to consider the proposed ordinance. Plaintiffs seek to enjoin the planning board from approving the site plan, and defendants, N.K. Winston Corporation and Livingston Properties Corp. from initiating any work on the contemplated project until the next election.
Under the first zoning ordinance passed by the township in 1948 the subject property was zoned as a retail business district. In 1957 it was rezoned as a designed shopping center district and in 1959 again rezoned as an office building and research laboratory district. In 1962 the present sections 8.106 - 8.109 of the Livingston zoning ordinance providing for the "D-S" Designed Shopping Center District were adopted, and the property in question was so zoned. Certain property owners instituted an action in lieu of prerogative writs challenging the validity of this amendment. Judge Labrecque concluded in an opinion dated December 27, 1963 that the zoning of the area as a designed shopping center district was in accordance with a comprehensive plan designed to promote the general welfare of the township.
Concededly, Livingston Township operates under the Faulkner Act (N.J.S.A. 40:69A-1 et seq.) and is subject to the statutory provisions pertaining to initiative and referendum. N.J.S.A. 40:69A-184 and 185. Defendants N.K. Winston Corporation and Livingston Properties Corp., seeking an adjudication that the plaintiffs' initiative petition *449 be declared a nullity, predicate their motion for summary judgment on the following grounds:
1. The number of signatures on plaintiffs' petition is insufficient to meet the requirements of the Faulkner Act (N.J.S.A. 40:69A-184 and 185), unless reliance is placed on the special exception for municipalities in certain counties of the first class added by the Legislature in 1951. This special exception is unconstitutional under the Fourteenth Amendment of the Federal Constitution and Articles I and IV of the New Jersey Constitution because it is discriminatory special legislation without legal or factual justification;
2. The initiative and referendum provisions of the Faulkner Act are inapplicable to zoning ordinances, which can only be amended in the manner provided in the Zoning Act (N.J.S.A. 40:55-30 et seq.) and further, that failure to so hold would subject these defendants to a deprivation of due process; and
3. Because the ordinance proposed in the petition would repeal the 1962 ordinance creating the "D-S" Designed Shopping Center District and revert the zoning of the property in question to that in effect immediately prior to the adoption of such ordinance, the petition is, in reality, a petition for a referendum on the 1962 ordinance and not an initiative petition. As a petition for a referendum, it is over six years too late, since such petition must be filed within 20 days after final passage and approval of the ordinance in question (N.J.S.A. 40:69A-185).
Initially it may be observed that the effect of the proposed ordinance, if approved in the November election, will be to reinstate the zone to that in effect immediately prior to the adoption of the 1962 ordinance. Such procedure is properly designated as an initiative under N.J.S.A. 40:69A-184, which does not prescribe any time limit within which such an ordinance may be proposed by the voters and adopted at the polls.
Under N.J.S.A. 40:69A-185 the voters also have the power of referendum, which is the power to approve *450 or reject at the polls any ordinance passed by the council against which a referendum petition has been filed. If, within 20 days after final passage and approval of an ordinance, a petition protesting the passing of such ordinance is filed with the municipal clerk bearing the required number of signatures as therein provided, the ordinance is suspended from taking effect until proceedings are had as provided for in the subsequent sections of the statute. However, the fact that the voters have not exercised their power of referendum within the 20-day period which necessarily suspends the ordinance from taking effect does not preclude the voters at a later date from proposing an ordinance covering the same subject matter by way of initiative. Section 184 of the Faulkner Act does not limit the power of initiative to only those areas of municipal concern which have never been the subject of favorable council action. When there is either a change in the circumstances or in the will of the people, it may be highly desirable to amend a long-standing ordinance. In such a case, when the governing body fails to act, the initiative procedure provided for by section 184 is available to the voters. Hence, I find no merit in the argument that plaintiffs' petition is in effect one for a referendum and is out of time.
The present Zoning Act, N.J.S.A. 40:55-30 et seq., was enacted in 1948. N.J.S.A. 40:55-35 provides in part that:
"* * * no amendment or change shall become effective unless the ordinance proposing such amendment or change shall first have been submitted to the planning board, when such board exists, for approval, disapproval, or suggestions, and the planning board shall have a reasonable time, not less than thirty days, for consideration and report, and in the case of an unfavorable report by the planning board such amendment shall not become effective except by a favorable vote of two-thirds of the governing body."
Under the initiative provision of the Faulkner Act, N.J.S.A. 40:69A-184, the voters may propose "any ordinance and may adopt or reject the same at the polls, such power being known as the initiative." The cited statutory provisions *451 are in conflict and the resolution of this case depends upon a determination as to which statute is controlling.
In Meridian Development Co. v. Edison Tp., 91 N.J. Super. 370 (Law Div. 1966), the court stated that the initiative and referendum procedure is one of the cornerstones of the fundamental Faulkner Act purpose to encourage citizen interest and participation in municipal affairs, and concluded that the Faulkner Act, being the later enactment, superseded the statutory procedure prescribed in the Zoning Act for the amendment of the zoning ordinances. It held that as between statutes, the later governs according to general principles of statutory construction. The court further stated:
"This decision is warranted on broader grounds. The 1947 State Constitution declares in Art. I, par. 2 that: `All political power is inherent in the people.' The members of a municipal council are the temporary repositories of the inherent power of the people. Borough of Leonia v. Borough of Fort Lee, 56 N.J. Super. 135, 144 (App. Div. 1959); see Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 476 (1952). According to the statutory scheme for zoning ordinance amendments, the planning board, an expert body, may be overruled by a two-thirds vote of the municipal council. The exercise of its expertise is valuable but reversible in the legislative process.
What two-thirds of a municipal governing body may accomplish, the Legislature may entrust to a majority of voters. In democratic elections a majority governs. No limitation on the power of the people, such as a two-thirds majority requirement, is recognized by Constitution or statute. Zoning is familiar to ordinary citizens, not beyond their competence with or without the benefit of a planning board report. * * *" (at pp. 314-315)
With due deference for my learned colleague's views, I am constrained to differ. While there is a rule that as between two conflicting statutes the later governs, Two Guys from Harrison, Inc. v. Furman, 32 N.J. 199, 223 (1960), there is also the rule that where there is any conflict between a general and specific statute covering a subject more minutely and definitely, the latter will prevail over the former and will be considered an exception to the general statute. Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. *452 157, 165 (1949); State, by State Highway Com'r v. Dilley, 48 N.J. 383, 387 (1967).
The Zoning Act is specific and details the manner in which zoning ordinances may be amended. The procedure requires consideration by the municipal planning board, the opportunity of a property owner to object, and the approval by the governing body. In the event of objection by the property owners involved, a vote of two-thirds of the governing body is required to effect a change in the zoning ordinance, N.J.S.A. 40:55-34, 35. The initiative and referendum provisions in the Faulkner Act, N.J.S.A. 40:69A-184 and 185, make no specific reference to zoning. Hence, it may be urged that the Zoning Act dealing with the subject matter in specific detail should be deemed an exception to the general language in the Faulkner Act. There is the further rule of statutory construction that implied repealers are not favored in the law and that the requisite intent will not arise by implication unless the subsequent statute is plainly repugnant to the former and is designed to be a complete substitute for the former. Goff v. Hunt, 6 N.J. 600, 606 (1951).
While under Art. I, par. 2 of the 1947 New Jersey Constitution all political power is inherent in the people, it does not necessarily follow that the voters may propose any ordinance and adopt the same at the polls through the initiative process. In Bucino v. Malone, 12 N.J. 330 (1953), plaintiffs attacked a provision of the Faulkner Act prohibiting a change in the form of government for a period of years once an optional plan was accepted. Plaintiffs contended that because "all political power is inherent in the people" they have the right at all times to vote on a change of government. In denying this contention the court stated:
"* * * The difficulty with the plaintiffs' argument in this respect is that this section of the Constitution does not apply to local government, but rather to the State Government only. In New Jersey local government has always been a creation of the Legislature. The *453 people have no inherent right of local self-government beyond the control of the State. * * *" (at p. 345)
The power of referendum is not available to a municipality and its voters under section 185 of the Faulkner Act when that municipality has never adopted any of the optional plans provided for in that act. Wright v. Village of South Orange, 79 N.J. Super. 96 (App. Div. 1963). The right to referendum and initiative in municipal affairs is strictly a statutory and not a constitutional right.
The Court in Meridian, supra, 91 N.J. Super., at p. 315 stated that other states have recognized the voters' power to adopt zoning ordinances by initiative and referendum, and cited a number of cases in support of this proposition. Examination of the cited cases indicates that only one, Fletcher v. Porter, 203 Cal. App.2d 313, 21 Cal. Rptr. 452 (D. Ct. App. 1962), dealt with the initiative. The remaining citations support the proposition that the voters do have the power to adopt or amend zoning ordinances by referendum. The cited case of Johnson v. City of Clairemont, 49 Cal.2d 826, 323 P.2d 71 (Sup. Ct. 1958), indicates that a distinction may be properly drawn between an initiative and referendum in zoning cases. The court found no objection to the submission of a zoning ordinance to the referendum process since the procedural steps prescribed by the legislature in such a case are taken before the adoption of the zoning ordinance by the governing body. On the other hand, the procedural steps, such as consideration of the proposal by the planning board, will not be fulfilled where a zoning ordinance is adopted by means of an initiative measure. See Hurst v. City of Burlingame, 207 Cal. 134, 277 P. 308 (Sup. Ct. 1929). The California courts make the further distinction between a charter city and a general law city, holding that while an ordinance may be initiated by the electorate in a charter city, the initiative process is not available to the voters in a general law city. Fletcher v. Porter, supra.
*454 Several jurisdictions, for one reason or another, have denied the right ofinitiative or referendum in connection with the adoption of amendments to a zoning ordinance. In City of Scottsdale v. Superior Court, 103 Ariz. 204, 439 P.2d 290 (Sup. Ct. 1968), the initiative process was not available as a mode for amending a comprehensive zoning plan. The court concluded that such process is in irreconcilable conflict with the due process clause of the U.S. Constitution, 14th Amendment, and the express provisions of the state statute which delegated zoning powers to the governing body of an incorporated city.
In Kelley v. John, 162 Neb. 319, 75 N.W.2d 713 (Sup. Ct. 1956), the court held that a city ordinance changing a zoning classification of a particular property was an "administrative" act adopted to carry out the purposes of the comprehensive zoning ordinance and was not subject to referendum. In New Jersey the process of effecting a change in zoning is legislative. Wollen v. Borough of Fort Lee, 27 N.J. 408, 422 (1958). However, the court in Kelley in the course of its opinion said:
"* * * To say that administrative determinations are subject to referendum could defeat the very purposes of zoning. The uniformity required in the proper administration of a zoning ordinance could be wholly destroyed by referendum. A single decision by the electors by referendum could well destroy the very purpose of zoning where such decision was in conflict with the general scheme fixing the uses of property in designated areas. * * * It would permit the electors by referendum to change, delay, and defeat the real purposes of the comprehensive zoning ordinance by creating the chaotic situation such ordinance was designed to prevent. * * *" (75 N.W.2d, at p. 716)
The court further said, referring to the action of the city council:
"* * * If its action may be nullified by a referendum, then the comprehensive master plan becomes a nullity and every change of classification of property made by the city council will be subject to the whims of the electors without regard to the master plan. * * *" *455 Kelley is even more persuasive when applied to the initiative process.
In Bird v. Sorenson, 16 Utah 2d 1, 394 P.2d 808 (Sup. Ct. 1964), the court, as in Kelley, supra, stated that the enactment of an ordinance carrying out the planning commission's recommendation that classification of certain property be changed from residential to commercial use was an administrative act and therefore the adopted ordinance was not subject to referendum. It noted that if each change in a zoning classification were to be submitted to a vote of the electorate, any master plan would be rendered inoperative. In an earlier case, Dewey v. Doxey-Layton Realty Co., 3 Utah 2d 1, 277 P.2d 805 (Sup. Ct. 1954), the same court arrived at the same conclusion but for different reasons. In Dewey the court approvingly referred to Hurst v. City of Burlingame, supra, for the proposition that the constitutionally reserved power of initiative does not apply to a zoning ordinance. It held that the Legislature delegated the power to zone to legislative bodies of municipalities so that the need for a comprehensive plan might be met, and provided means for the protection of private property through notice and public hearings. Thus, when plaintiffs sought to initiate rezoning within the city without complying with the zoning statute, they were in effect attacking collaterally the very statute under which they claimed their power to zone. The legislative body of the city could not zone without complying with the procedural process afforded by the statute. For the same reason, the court concluded that the electors of the city cannot by-pass those provisions of the statute as long as the zoning statute remains in force.
In State ex rel. Powers v. Donohue, 368 S.W.2d 432 (Mo. Sup. Ct. 1963), the court held that the initiative process was not available as a method of amending the comprehensive county zoning ordinance. There, as here, plaintiffs sought by the initiative procedure in effect to repeal the provisions of an amendatory zoning ordinance enacted in accordance with the provisions of the charter. The court *456 concluded that the hearing and other procedures required and followed in adopting the original amendment would be similarly required in the enactment of an ordinance which would repeal the original amendment. See also Baum v. City of St. Louis, 343 Mo. 738, 123 S.W.2d 48 (Sup. Ct. 1938), for the proposition that those proposing an ordinance are required to adhere to the same procedural requirements imposed upon the legislative bodies.
Secondary authorities support the view that the initiative process is not available to the electorate in connection with a proposed rezoning of the municipality since there would be no compliance with the provisions of the zoning statute as to notice and public hearings, and that the property owners will not be permitted by this means to by-pass the zoning statute. 8A McQuillin, Municipal Corporations, § 25.246, p. 168 (1965); 42 Am. Jur.2d § 9, at pp. 658-659.
As already noted, the Zoning Act, N.J.S.A. 40:55-30 et seq., sets forth a detailed procedure, mandatory in nature, covering both the substance of zoning ordinances and their method of passage. N.J.S.A. 40:55-31 requires the governing body to use its discretion in how most suitably to enact zoning districting and all other accessory matters. Before an initial zoning ordinance can be considered, a planning board must make a preliminary report, hold public hearings and make a final report. N.J.S.A. 40:55-33. No zoning ordinance may be adopted or amended until after public hearing by the governing body at which parties in interest and citzens shall have an opportunity to be heard. N.J.S.A. 40:55-34. N.J.S.A. 40:55-35 requires amendments to the zoning ordinance to be first submitted to the planning board for approval, disapproval or suggestions. In the case of an unfavorable report by the planning board, such amendment does not become effective except by a favorable vote of two-thirds of the governing body. If 20% of the property owners within the district protest against such proposed change, such change may not become effective except by the *457 favorable vote of two-thirds of the members of the governing body.
I am of the view that the Zoning Act, N.J.S.A. 40:55-30 et seq., constitutes an exclusive grant of legislative power to the governing bodies of the respective municipalities preventing the voters from exercising the power of initiative. The Legislature, in enacting section 184 of the Faulkner Act, did not intend to impliedly supersede the specific procedure for amending a zoning ordinance prescribed in the Zoning Act. A contrary conclusion would disregard the valuable expertise of the planning board, and permit the electorate to defeat the beneficent purpose of the comprehensive zoning ordinance. Some support for this view may be inferred from Wollen v. Borough of Fort Lee, supra, 27 N.J., at p. 422; Campbell v. Borough of Hillsdale, 12 N.J. Super. 182, 185, 186 (App. Div. 1951); Yanow v. Seven Oaks Park, Inc., 18 N.J. Super. 411 (Ch. Div. 1952), reversed on other grounds 11 N.J. 341 (1953).
In reaching this conclusion I am mindful of the fact that N.J.S.A. 40:69A-184 specifically provides that the voters of any municipality may propose "any ordinance". However, "any ordinance" does not mean "all ordinances". In Cuprowski v. Jersey City, 101 N.J. Super. 15 (Law Div. 1968), affirmed o.b. 103 N.J. Super 217 (App. Div. 1968), the court stated that when the Legislature referred to initiative or referendum, it did not intend to include resolutions or ordinances of an executive or administrative nature. See also McCrink v. Town of West Orange, 85 N.J. Super. 86 (App. Div. 1964), and Snow v. Bell, 105 N.J. Super. 484 (Ch. Div. 1969). It seems unlikely that the Legislature intended the possible frustration of comprehensive zoning through the initiative process.
The constitutional question is indeed formidable. However, it is settled law that a constitutional issue will not be resolved unless absolutely imperative in the disposition of the litigation. State v. Salerno, 27 N.J. 289, 296 (1958); Ahto v. Weaver, 39 N.J. 418 (1963). In view of my determination *458 that a zoning amendment may not be accomplished by the initiative process, it is unnecessary to resolve the constitutional challenge to N.J.S.A. 40:69A-184 and 185.
The motion for summary judgment is granted.