(916 P.2d 1301)
No. 73,759

CITY OF WICHITA, KANSAS, A Municipal Corporation, *Appellant,*
v. BRIAN FITZGERALD and GREGORY PEDERZANI, *Appellees.*

—

*Douglas J. Moshier* and *Kelly J. Rundell,* senior assistant city attorneys, and *Gary E. Rebenstorf,* city attorney, for appellant.

*M. Duane Coyle,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Wichita, and *D. Lee McMaster,* of Law Office of D. Lee McMaster, of Wichita, for appellees.

Before PIERRON, P.J., MARQUARDT, J., and JAMES J. SMITH, District Judge, assigned.

MARQUARDT, J.: Brian Fitzgerald and Gregory Pederzani proposed an ordinance (Proposed Ordinance) under K.S.A. 12-3013. On August 19, 1994, the City of Wichita (City) filed a declaratory judgment action, seeking a determination that the Proposed Ordinance is not the proper subject of initiative and referendum because it is: (1) administrative; (2) beyond the power of the City to adopt; and (3) unconstitutional. Fitzgerald and Pederzani answered and counterclaimed, stating that the City's arguments were meritless and requesting that the district court order the City to either adopt the Proposed Ordinance or submit it to the electorate. The district court ruled in favor of Fitzgerald and Pederzani, holding that the Proposed Ordinance is legislative. The City appeals.

The Proposed Ordinance is as follows:

"ORDINANCE NO. _____

"An Ordinance relating to the rights of individuals to possess and obtain firearms within the City of Wichita, Kansas:

"Be it ordained by the governing body of the City of Wichita, Kansas:

"SECTION I: Any Ordinance heretofore enacted by the governing body of the City of Wichita, Kansas, which conflicts with the terms of this Ordinance is hereby repealed.

"SECTION II: The City of Wichita shall have no Ordinance, Law, or Regulation, which is more restrictive of an individual's right, privilege, or ability to possess, transfer, sell, purchase, store, transport, rent, or use a firearm, than the

Kansas General Criminal Statutes, as set forth in the Kansas Statutes Annotated and Amendments thereto, or Federal Law, as set forth in the United States Code."

The Proposed Ordinance met the form and procedural requirements of K.S.A. 12-3013(a). The election officer certified that the petition was signed by at least 25 percent of the electors who had voted in the immediately preceding regular city election. The City neither adopted the Proposed Ordinance nor set it for election as required by K.S.A. 12-3013(a).

## CLASSIFICATION OF THE PROPOSED ORDINANCE

The City argues that the Proposed Ordinance is administrative rather than legislative and, therefore, not subject to adoption under the initiative and referendum statute. This issue requires the court to interpret the statute governing initiative and referendum. Because construction of a statute is a question of law, this court's review is unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 283, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

"The initiative and referendum statute, K.S.A. 12-3013, provides a procedure whereby a city's electors may place legislative action of the city governing body before a vote of the people." *Rauh v. City of Hutchinson*, 223 Kan. 514, 519, 575 P.2d 517 (1978). An administrative ordinance may not be adopted through citizen initiative and referendum. See K.S.A. 12-3013(e)(1).

In *City of Wichita v. Kansas Taxpayers Network, Inc.*, 255 Kan. 534, 539-40, 874 P.2d 667 (1994), the court summarized the guidelines for determining whether an ordinance is administrative or legislative as set forth in *City of Lawrence v. McArdle*, 214 Kan. 862, Syl. ¶¶ 2-4, 522 P.2d 420 (1974):

"1. An ordinance that makes new law is legislative; while an ordinance that executes an existing law is administrative. Permanency and generality are key features of a legislative ordinance. *McArdle*, 214 Kan. 862, Syl. ¶ 2.

"2. Acts that declare public purpose and provide ways and means to accomplish that purpose generally may be classified as legislative. Acts that deal with a small segment of an overall policy question generally are administrative. *McArdle*, 214 Kan. 862, Syl. ¶ 3.

"3. 'Decisions which require specialized training and experience in municipal government and intimate knowledge of the fiscal and other affairs of a city in order to make a rational choice may properly be characterized as administra-

tive, even though they may also be said to involve the establishment of a policy,' *McArdle*, 214 Kan. 862, Syl. ¶ 4.

"4. No one act of a governing body is likely to be solely administrative or legislative, and the operation of the initiative and referendum statute is restricted 'to measures which are quite clearly and fully legislative and not principally executive or administrative.' *McArdle*, 214 Kan. 862, Syl. ¶ 1."

"The determination of whether an ordinance is legislative or administrative 'is to be based upon the factual situation in each case.' " *Kansas Taxpayers Network*, 255 Kan. at 539.

In order to protect the efficient administration of a city, administrative matters are not subject to initiative and referendum. See *McArdle*, 214 Kan. at 866, 871; *Lewis v. City of South Hutchinson*, 162 Kan. 104, 125, 174 P.2d 51 (1946).

The district court reviewed the guidelines listed in *McArdle* and concluded that the Proposed Ordinance was "principally legislative."

There is no Kansas case that deals with the issues presented herein.

The Proposed Ordinance relates "to the rights of individuals to possess and obtain firearms." It repeals ordinances and seeks to restrict the adoption of new ordinances.

Applying the criteria set forth in *Kansas Taxpayers Network*, 255 Kan. at 539-40, to the Proposed Ordinance, the Proposed Ordinance appears to have many characteristics of both legislative and administrative ordinances. Evaluation of the Proposed Ordinance on its face is not sufficient.

Because many of the affected ordinances, as cited by the City, include many subjects other than firearms, an initial determination must be made to identify which specific ordinances are affected. It is also necessary to make an exhaustive search of the firearms statutes in both the United States Code and the Kansas General Criminal Statutes and, after identification, make a quantitative determination of whether the Wichita ordinance is more or less restrictive than the state or federal statutes.

The City argues that because the Proposed Ordinance repeals administrative ordinances, it is an administrative ordinance. This argument raises two questions, both of which are disputed: (1) To

what degree should the court look at whether the ordinances to be repealed are administrative or legislative in determining whether the Proposed Ordinance is administrative or legislative? (2) If the court should look to the ordinances to be repealed, are the ordinances and regulations to be repealed by the Proposed Ordinance administrative?

The district court did not address the repeal argument even though it was raised in the City's trial brief.

The City's procedure when repealing an existing code section is to "[r]epeal the code section specifically," citing as an example: "§3.04.020 of the ____ Municipal Code is hereby repealed." Wichita Code, "Procedure for Drafting Ordinances" (1993). Without such specificity, there is no way of telling which ordinances will be affected. Each ordinance that will be repealed by a proposed ordinance must be specified in the proposed ordinance.

In *Kansas Taxpayers Network*, 255 Kan. at 535, 538-39, the court considered whether a proposed ordinance was administrative by looking at the ordinance that the proposed ordinance would repeal. The ordinance proposed in *Kansas Taxpayers Network* was exclusively a repealing ordinance and repealed one specific ordinance. The procedural posture of *Kansas Taxpayers Network* was similar to the instant action. A group had initiated the proposed ordinance through K.S.A. 12-3013. The City of Wichita filed a declaratory judgment action. The district court in *Kansas Taxpayers Network* ruled that the statute was administrative, and the Kansas Supreme Court agreed. The Kansas Supreme Court stated: "Both parties agree that in determining whether a repealing ordinance is administrative or legislative, this court should look to the ordinance that the electors seek to repeal. We agree. See, *e.g., Lewis v. City of South Hutchinson*, 162 Kan. 104, 125, 174 P.2d 51 (1946)." *Kansas Taxpayers Network*, 255 Kan. at 539. The *Kansas Taxpayers Network* court held that because the ordinance to be repealed was administrative, the repealing ordinance was also administrative. 255 Kan. at 541. The parties herein disagree as to whether the ordinances that would be repealed are administrative; however, because Fitzgerald and Pederzani have failed to cite a single or-

dinance that will be repealed, their argument is without any support.

The City identified at least 43 ordinances that would be repealed if the Proposed Ordinance was adopted. The ordinances identified by the City cover such subjects as the sale of firearms, security at airports, zoning, etc. Fitzgerald and Pederzani did not identify any ordinance; they merely state that " 'regulations,' by their very nature considered to be administrative, fall victim to any new change in legislative policy, whether specifically earmarked at the outset or left to be discovered later as casualties." We disagree. Such a piecemeal, uninformed approach to administration of the affairs of a city would create utter chaos. We hold that when a proposed ordinance repeals an existing ordinance, the proposed ordinance must identify each ordinance that will be repealed.

For example, Ordinance 33-036 (Wichita Code § 9.22.120 [1993]) regulates the operation, maintenance, and control of the Wichita airport. Ordinance 33-036 states: "No person except authorized peace officers or armored car, post office, customs, express and air carrier employees, or members of the armed forces of the United States authorized thereby, shall carry any firearms or explosives on the Airport without permission from the Board or Airport Manager." The "rules and regulations" require specialized training and experience in municipal government and the management of an airport. Ordinance 33-036 does not create an airport or make any broad policy statements about airports. Instead, Ordinance 33-036 is administrative because it provides a means to accomplish an established legislative purpose—airport safety.

The City lists several zoning regulations that would be repealed by the Proposed Ordinance, such as Ordinance 27-660 (codified in various sections of Chapter 28.04 of the Wichita Code). On zoning issues, as with other aspects of characterizing a proposed ordinance, the facts and the jurisdiction determine whether the proposed ordinance is legislative or administrative.

Many jurisdictions hold that initiative and referendum is not available to change zoning ordinances. The rationale for many of these decisions is that zoning requires a master plan and uniformity. Submitting zoning changes to the electors could well destroy

the very purpose of zoning where such changes are in conflict with the general scheme fixing the uses of property in designated areas. See *Smith v. Township of Livingston*, 106 N.J. Super. 444, 454, 256 A.2d 85 (1969).

However, zoning has been held to be the proper subject of initiative or referendum. *Eastlake v. Forest City Enterprises, Inc.*, 426 U.S. 668, 673, 49 L. Ed. 2d 132, 96 S. Ct. 2358 (1976) (noting that the Ohio Supreme Court had determined that a city council's action of rezoning was legislative in nature).

The determination of whether a zoning ordinance is administrative or legislative follows the general rule. Thus, where a comprehensive zoning ordinance has been passed and the power to change certain zoning or grant exemptions has been committed to the mayor or city council, the zoning of particular property is an administrative matter. See *Forman v. Eagle Thrifty Drugs & Markets*, 89 Nev. 533, 537-38, 516 P.2d 1234 (1973). Conversely, the passing of the general comprehensive zoning plan is typically legislative. See *State ex rel. Hickman v. City Council*, 690 S.W.2d 799, 802 (Mo. App. 1985). See generally 42 Am. Jur. 2d, Initiative and Referendum § 12, p. 662.

In *Golden v. City of Overland Park*, 224 Kan. 591, 597, 584 P.2d 130 (1978), the court discussed zoning and distinguished legislative from quasi-judicial functions:

"A city, in enacting a general zoning ordinance, or a planning commission, in exercising its primary and principal function under K.S.A. 12-704 in adopting and in annually reviewing a *comprehensive plan* for development of a city, is exercising strictly *legislative* functions. When, however, the focus shifts from the entire city to one specific tract of land for which a zoning change is urged, the function becomes more quasi-judicial than legislative. While policy is involved, such a proceeding requires a weighing of the evidence, a balancing of the equities, an application of rules, regulations and ordinances to facts, and a resolution of specific issues. [Citations omitted.]" (Emphasis added.)

In the instant action, the repeal of zoning ordinances is not directed at a specific tract of land. Rather, the Proposed Ordinance reflects a policy of freeing firearms from restrictions which include zoning. The repealing effects of the Proposed Ordinance would

interfere with the comprehensive zoning plans of the City and, as such, the Proposed Ordinance is administrative.

The City references several ordinances that would be repealed by the Proposed Ordinance that involve economic and commercial regulation, as well as zoning. Ordinance 32-916 (Wichita Code § 5.04.020 [1993]) prohibits the use of sidewalks, streets, alleys, or parks for advertising. Ordinance 33-071 (Wichita Code § 10.04.131 [1993]) provides for the issuance of a permit to allow the sale of merchandise on a public sidewalk. Ordinance 33-870 (Wichita Code §§ 3.95.010-3.95.040 [1993]) regulates transient and itinerant merchants and requires them to obtain a license.

In *City of Newport v. Gugel*, 342 S.W.2d 517, 520 (Ky. 1960), the court held that an ordinance setting minimum salaries for police and fire department personnel was administrative because it only addressed one portion of a previously adopted general plan. The *Gugel* court reasoned:

"To permit the electorate to initiate piece-meal measures affecting the fiscal affairs of the city without regard for the overall fiscal program, or measures not embodying a basic plan or policy for the entire area of government activity upon which the measure touches, could result in destruction of the efficient administration of the affairs of the city, and we do not believe the initiative statute so intends." 342 S.W.2d at 520.

In *McArdle*, 214 Kan. at 868-71, the court discussed and approved the *Gugel* court's reasoning.

In *Lewis*, 162 Kan. at 125, the court quotes relevant language from 7 McQuillin, Municipal Corporations § 351c:

" ' "The referendum is usually held 'applicable to all ordinances and resolutions which constitute an exercise of legislative power.' That is, it was designed to be directed against 'supposed evils of legislation alone.' 'To allow it to be invoked to annul or delay executive conduct would destroy the efficiency necessary to the successful administration of the business affairs of a city. In many cases it would entirely prevent the exercise of the executive power necessary to carry out the acts determined upon by the legislative department.' " ' "

While the Proposed Ordinance describes a broad policy, it would repeal numerous administrative ordinances. The Proposed Ordinance would destroy many of Wichita's administrative regulations involving zoning, the airport, sales, advertising, and others. The

rationale espoused in *Gugel*, and expressly approved in *McArdle*, justifies classifying the Proposed Ordinance as administrative because the Proposed Ordinance would obliterate numerous comprehensive schemes of the Wichita municipal code. The effect of the Proposed Ordinance on the administrative scheme of the City cannot be ignored.

Because of the above analysis, we do not reach the City's other arguments.

In summary, a proposed ordinance that will repeal existing ordinances must state specifically each ordinance that will be repealed as a result of the adoption of the proposed ordinance. A proposed ordinance must be classified as administrative if its adoption would repeal an administrative ordinance.

We, therefore, reverse the trial court and find that the Proposed Ordinance is administrative and not subject to initiative and referendum.