Robert D. Beall, City Attorney City of Leavenworth 117 Cherokee P.O. Box 69 Leavenworth, Kansas 66048
David C. Van Parys Leavenworth County Counselor 300 Walnut Leavenworth, Kansas 66048
Dear Mr. Beall and Mr. Van Parys:
You request our opinion regarding the validity of a petition which seeks to bring a proposed ordinance before the electorate of the City of Leavenworth. Specifically, you ask whether the proposed ordinance set forth in the petition involves an administrative function. You also ask whether a petition authorized under K.S.A.12-3013 must meet requirements established in K.S.A. 25-3601 etseq.
Electors of the City of Leavenworth drafted and circulated a petition proposing Ordinance No. 7419. The proposed ordinance "provid[ed] for the relocation of Fire Station No. 2 currently at 714 Lawrence Avenue to the southeast corner of 10th and Shawnee or northwest of 13th and Shawnee, whichever is determined by the governing body of the City of Leavenworth, Kansas to provide the best fire safety for the community."[1] The signatures on the petition were verified by both the Leavenworth City Clerk and the Leavenworth County Election Officer.
"The initiative and referendum statute, K.S.A. 12-3013, provides a procedure whereby a city's electors may place legislative action of the city governing body before a vote of the people."[2]
"In order to protect the efficient administration of a city, administrative matters are not subject to initiative and referendum."[3]
Guidelines for determining whether an ordinance is administrative or legislative are set forth in City of Wichita v. KansasTaxpayers Network, Inc.[4]
 "1. An ordinance that makes new law is legislative; while an ordinance that executes an existing law is administrative. Permanency and generality are key features of the legislative ordinance.
 "2. Acts that declare public purpose and provide ways and means to accomplish that purpose generally may be classified as legislative. Acts that deal with a small segment of an overall policy question generally are administrative.
 "3. Decisions that require specialized training and experience in municipal government and intimate knowledge of the fiscal and other affairs of the city in order to make a rational choice may properly be characterized as administrative, even though they may be also said to involve the establishment of a policy.
 "4. No one act of a governing body is likely to be solely administrative or legislative, and the operation of the initiative and referendum statute is restricted to measures which are quite clearly and fully legislative and not principally executive or administrative."[5]
According to information provided, the City of Leavenworth has had an organized fire department since 1855. There are currently three fire stations located in the City with plans to construct a fourth. The location of the proposed fire station was made with consideration given to the growth pattern of the City. Proposed Ordinance No. 7419 would require the city to abandon a fire station scheduled for renovation and to construct a fire station in its place.
The creation of an organized fire safety program is a legislative decision of a city's governing board.[6] The location of fire stations and the decision whether to construct new stations or renovate existing stations are means whereby a city is able to accomplish its legislative goal of ensuring fire safety for the city. Proposed Ordinance No. 7419 does not create a fire department or make any broad policy statements about fire safety, but rather attempts to regulate one facet of the fire safety program undertaken by the City of Leavenworth. It deals with a small segment of the overall policy — the location of one fire station. Determining the location of fire stations and whether to renovate existing fire stations or construct new fire stations so as to provide the best fire safety for a city necessarily requires intimate knowledge of the fiscal and other affairs of the city, such as growth patterns and traffic flow. The petition concedes as much by deferring to the Board of Commissioners for the City of Leavenworth to determine which of the two proposed locations "provide[s] the best fire safety for the community."[7] All of these factors indicate that proposed Ordinance No. 7419 is administrative in character and thus may not be the subject of a petition under K.S.A. 12-3013. If no constitutional or statutory basis exists for the submission of the question set out in the petition, it should not be accepted by the county election officer or the city clerk when it is presented for filing.[8] Because the petition seeking to bring to an election a proposed ordinance regarding the location of a fire station is not recognized under State law, the Board of Commissioners for the City of Leavenworth cannot call a binding election as requested in the petition proposing Ordinance No. 7419.[9]
Five opinions of the Kansas Supreme Court and Kansas Court of Appeals cite K.S.A. 12-3013.[10] Unfortunately, the cases provide no assistance in determining the requirements for a petition authorized under K.S.A. 12-3013.
K.S.A. 12-3013 permits electors of a city to submit to the governing body of the city "a proposed ordinance . . . accompanied by a petition as provided by [K.S.A. 12-3013]." The statute establishes the number of signatures required on the petition and provides that the petition "contain a request that the governing body pass the ordinance or submit the same to a vote of the electors."[11]
It has been suggested that a petition authorized under K.S.A.12-3013 is not subject to the requirement in subsection (b)(1) of K.S.A. 25-3602 that the petition "[s]tate the question which petitioners seek to bring to an election in the form of a question as it should appear upon the ballot." If the petition did not contain a question, there would be no need to submit it to the county or district attorney for an opinion. This argument is apparently based on the language in K.S.A. 12-3013 that the petition "contain a request that the governing body pass the ordinance or submit the same to a vote of the electors." Because the language would not necessarily require that an election be conducted, i.e. the governing body could adopt the ordinance, the requirement in K.S.A. 12-3013 that the petition "contain a request" would override the requirement in K.S.A. 25-3602 that the petition "[s]tate the question which petitioners seek to bring to an election."
K.S.A. 25-3601 states in part:
 "When under the laws of this state a petition is required or authorized as a part of the procedure applicable to the state as a whole or any legislative election district or to any county, city, school district or other municipality, or part thereof, the provisions of [K.S.A. 25-3601 et seq.] shall apply, except as is otherwise specifically provided in the statute providing for such petition." (Emphasis added.)
It has been recognized that the requirements of K.S.A. 25-3601 etseq. may be applied in cases where the petitioners are not seeking to bring any question to an election.[12] K.S.A. 12-3013
requires that a petition authorized under its provisions "contain a request that the governing body pass the ordinance or submit the same to a vote of the electors." The governing body may take action which would alleviate any need for an election. This fact, however, does not excuse petitioners from complying with the requirements of K.S.A. 25-3601 et seq. A petition recognized under K.S.A. 12-3013 must meet the requirements set forth in K.S.A. 25-3601 et seq., unless the provisions of K.S.A. 12-3013
otherwise specifically provide.
"Otherwise" is defined generally as "in a different way or manner . . . under other conditions."[13] "Specifically" is defined as "1: in regard to the matter in question: with reference to a quality or condition that is specified or inherent. . . . 2: with exactness or precision: in a definite manner."[14]
There are instances where a statute authorizing a petition specifically provides requirements which differ from those set forth in K.S.A. 25-3601 et seq.[15] In those instances, the statute authorizing the petition controls.
Subsection (b)(1) of K.S.A. 25-3602 requires that a petition "[s]tate the question which petitioners seek to bring to an election in the form of a question as it should appear upon the ballot in accordance with the requirements of K.S.A. 25-620. . . ." K.S.A. 12-3013 requires that a petition "contain a request that the governing body pass the ordinance or submit the same to a vote of the electors." The provision in K.S.A. 12-3013 does not specifically provide a requirement different from the requirement established in subsection (b)(1) of K.S.A. 25-3602. Rather, the requirement in K.S.A. 12-3013 that the petition include a request is in addition to the requirement set forth in subsection (b)(1) of K.S.A. 25-3602. A petition authorized under K.S.A. 12-3013
must, therefore, contain the question which petitioners seek to bring to an election. The question must be in the form of a question as it should appear upon the ballot. Subsection (b) of K.S.A. 12-3013 establishes the form of the question as it should appear upon the ballot.
 "(b) The ballots used when voting upon the ordinance shall set forth the proposed ordinance in full or submit the proposed ordinance by title generally descriptive of the contents thereof. Each proposed ordinance set forth in full or submitted by title generally descriptive of the contents thereof shall be preceded by the words, `Shall the following be adopted?' If there is more than one proposed ordinance to be voted upon, the different proposed ordinances shall be separately numbered and printed, and the ballots shall conform to the requirements of K.S.A. 25-605 and amendments thereto."
The petition may either set forth the proposed ordinance in its entirety or may include a title generally descriptive of the contents of the proposed ordinance.
K.S.A. 25-3601 requires that a copy of a petition containing the question to be submitted to the electors "be filed in the office of the county attorney of the county or district attorney of the district in which all or the greater portion of the political or taxing subdivision is located for an opinion as to the legality of the form of such question." K.S.A. 12-3013 makes no provision for review of the form of the question set forth in the petition. Because K.S.A. 12-3013 does not specifically provide otherwise, a petition authorized under K.S.A. 12-3013 must be filed with the county attorney for an opinion regarding the legality of the form of the question set forth on the petition.
Summarizing, the creation of an organized fire safety program is a legislative decision of a city's governing board. Determining the location of fire stations and whether to renovate existing fire stations or construct new fire stations so as to provide the best fire safety for a city involves administrative decisions of the city governing body. A petition proposing an ordinance which would establish the location of a fire station, therefore, is not authorized under K.S.A. 12-3013. Moreover a petition authorized under K.S.A. 12-3013 must contain the question which petitioners seek to bring to an election. The question must be in the form of a question as it should appear upon the ballot. The petition may either set forth the proposed ordinance in its entirety or may include a title generally descriptive of the contents of the proposed ordinance. Finally, a petition authorized under K.S.A.12-3013 must be filed with the county attorney for an opinion regarding the legality of the form of the question set forth on the petition.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] Correspondence of Robert D. Beall, September 3 and 17, 1999.
[2] City of Wichita v. Fitzgerald, 22 Kan. App. 2d 428, 430
(1996), quoting Rauh v. City of Hutchinson, 223 Kan. 514, 519
(1978).
[3] Fitzgerald, 22 Kan. App. 2d at 431. See K.S.A. 12-3013.
[4] 255 Kan. 534 (1994).
[5] Id. at 539 (citations omitted). See also Fitzgerald,22 Kan. App. 2d at 430-31.
[6] See Fitzgerald, 22 Kan. App. 2d at 433 (airport safety constitutes a legislative purpose).
[7] Correspondence of Robert D. Beall, September 17, 1999.
[8] Attorney General Opinions No. 92-136; 84-100. SeeBlevins v. Board of County Comm'rs., 251 Kan. 374, 382 (1992).
[9] A city may exercise its home rule authority to call a non-binding advisory election. Attorney General Opinions No.94-106; 83-177. See Blevins, 251 Kan. at 383.
[10] Fitzgerald, supra; Kansas Taxpayers Network, Inc.,supra; Rauh, supra; City of Lawrence v. McArdle, 214 Kan. 862
(1974); State, ex rel. Frizzell v. Paulson, 204 Kan. 857 (1970).
[11] K.S.A. 12-3013.
[12] Attorney General Opinion No. 87-71.
[13] Webster's Third New World Dictionary 1598 (1986).
[14] Webster's Third New World Dictionary 2187 (1986).
[15] See K.S.A. 71-501 (community colleges; capital outlay levy; petition must be filed within 60 days of last publication of resolution); K.S.A. 1998 Supp. 72-6433 (schools; local option budget; petition must be filed within 30 days of last publication of resolution); K.S.A. 72-8801 (schools; capital outlay levy; petition must be filed within 40 days so last publication of resolution).