J.T. Klaus, Counsel City of Mulvane 2959 North Rock Road, Suite 300 Wichita, Kansas 67226
Dear Mr. Klaus:
You inquire whether a proposed ordinance banning a casino gambling facility within the City of Mulvane and prohibiting the provision of city services to a casino located in Sumner County is a proper subject of the initiative and referendum process established in K.S.A. 12-3013.
K.S.A. 12-3013 provides a procedure whereby a city's electors may initiate by petition a proposed ordinance that is legislative in nature.[1] If the petition is signed by the requisite number of electors, the governing body must enact the ordinance without alteration or hold an election. If the majority of the electorate votes in favor of the proposed ordinance, the ordinance becomes valid and binding.[2]
The initiative and referendum process is not available for proposed ordinances that are administrative.[3]
The proposed ordinance in question provides:
 "Section 1. The operation of a casino gambling business or casino gambling facility within the City of Mulvane is prohibited.
 "Section 2. The City of Mulvane shall not provide utilities, fire services, police services or any other services to a casino gambling facility."
The first issue is whether this proposed ordinance is legislative or administrative. If it is the latter, it is not an appropriate subject for the initiative and referendum process.
In Rauh v. City of Hutchinson,[4] the appellate court reiterated the guidelines for determining whether a proposed ordinance is legislative or administrative:
1. An ordinance that makes new law is legislative; while an ordinance that executes an existing law is administrative. Permanency and generality are key features of a legislative ordinance.
2. Acts that declare public purpose and provide ways and means to accomplish that purpose generally may be classified as legislative. Acts that deal with a small segment of an overall policy question generally are administrative.
3. Decisions which require specialized training and experience in municipal government and intimate knowledge of the fiscal and other affairs of a city in order to make a rational choice may properly be characterized as administrative, even though they may also be said to involve the establishment of a policy.
4. No one act of a governing body is likely to be solely administrative or legislative, and the operation of the initiative and referendum statute is restricted to measures which are quite clearly and fully legislative and not principally executive or administrative.
5. When the matter at issue is one of statewide concern and the legislature delegates decision-making power to local councils, rather than local electors, the action is an administrative function.[5]
Section 2 of the proposed ordinance would prohibit the City from providing utilities, fire services, police services and any other municipal services to a casino regardless whether the facility is located within the City or outside its boundaries. You indicate that the City has at least one ordinance, Ordinance No. 767, wherein the City has agreed to provide firefighting services to portions of Sumner County. You also advise that the City has entered into mutual aid agreements with Sumner County, the City of Wellington and other fire districts to provide fire protection and emergency medical services to various areas within Sumner County in return for the same service to the City. Should a casino be built within an area that the City has previously agreed — by ordinance or mutual aid agreement — to provide such services,[6]
the effect of the proposed ordinance would be, in essence, to repeal, by implication, Ordinance No. 767 and place the City in possible breach of its mutual aid agreements with other governmental entities or require the City to terminate such agreements.
Where the effect of a proposed ordinance is to repeal a previous ordinance, it is necessary to review the earlier ordinance to determine whether it is administrative or legislative.[7] In City of Wichita v.Fitzgerald,[8] the proposed ordinance prohibited the City of Wichita from having any ordinances more restrictive of a person's right to possess firearms than provided in state and federal law. The appellate court noted that while the proposed ordinance described a "broad policy," its effect, if enacted, would be to repeal numerous administrative ordinances involving economic and commercial regulation. Accordingly, the court determined that the proposed ordinance was administrative and, therefore, not appropriate for the initiative process.[9]
Such is the case here. While it is unknown how many ordinances relating to city services would be affected should the proposed ordinance be enacted, Ordinance No. 767 which obligates the City to provide firefighting services to Fire District No. 12 in Sumner County is one such ordinance should a casino facility be constructed within the fire district. Whether to provide such services and upon what terms is an administrative act designed to effectuate the legislative policy contained in K.S.A. 12-111. This statute authorizes city fire departments to provide services beyond their boundaries "whenever the necessity arises during any emergency resulting from . . . fire or any other cause." As the legislature has delegated this decision to the local governing body as opposed to the electorate, Ordinance No. 767 is an administrative ordinance. Because the proposed ordinance would, in effect, repeal Ordinance No. 767, the proposed ordinance is also administrative and, accordingly, not appropriate for the initiative and referendum process.[10]
In addition to providing fire protection services to communities outside the City's boundaries, the legislature has also delegated to local governing bodies the authority to provide certain municipal utility services to individuals and entities outside of city boundaries.[11] Whether to provide such services and upon what terms is an administrative function entrusted by the legislature to local officials and, therefore, the initiative process is not available for a proposed ordinance that attempts to usurp that function.
Finally, the proposed ordinance could affect the various mutual aid agreements potentially leaving the City without assistance from the other governmental agencies that have agreed to provide fire protection assistance within the City in the event of an emergency. Aside from the issue of whether the proposed ordinance would violate the constitutional prohibition impairing the City's contractual obligations,[12] the Kansas appellate courts construe proposed ordinances that "impinge heavily on the efficient operations of the city's affairs"[13] as administrative.
A proposed ordinance that the Court determined impinged upon the operations of a city was discussed in City of Wichita v. KansasTaxpayers Network, Inc.[14] In Kansas Taxpayers Network, Inc., the proposed ordinance sought repeal of an ordinance establishing a municipal storm water utility. In determining that the ordinance was administrative, the appellate court noted that the operation, management, and financing of a city-wide storm water management system "reasonably fits within the context of decisions that require specialized knowledge and experience with respect to city management."[15]
The same is true for the City of Mulvane in deciding whether to contract with other governmental entities regarding fire protection and emergency medical services as well as contracting with individuals or entities for other municipal services. Determinations regarding the benefits, costs and liabilities are decisions better suited for local officials who have the training and experience in municipal government to make such choices.
In light of the fact that this proposed ordinance contains a section that is administrative in nature,[16] it is our opinion that the proposed ordinance is not a proper subject for the initiative process.
We also believe that Section 1 of the proposed ordinance which bans casinos within the City of Mulvane is not an appropriate subject for the initiative process because it attempts to charter out of the Kansas Expanded Lottery Act[17] (KELA) without complying with the constitutional requirements for a charter ordinance.[18] A charter ordinance exempts a city from certain state laws applying to such city.[19]
Generally, a city cannot enact an ordinance that conflicts with state law unless: (1) the enactment does not apply uniformly to all cities; and (2) the city enacts a charter ordinance.[20] However, in doing so, a city must comply with the requirements enumerated in Article 12, Section 5(c)(2) of the Kansas Constitution (i.e. 2/3 vote of members-elect of the governing body; publication of charter ordinance; and referendum if protest petition filed).
KELA is an enactment authorizing and regulating lottery gaming facilities (casinos). KELA requires the Kansas Lottery Commission to operate one casino in each of four gaming zones, one of which is the south central Kansas gaming zone comprised of Sedgwick and Sumner counties.[21] The City of Mulvane is located in both counties. Part of the process of selecting the casino for each zone includes an election in each county comprising the zone in order to gauge whether county denizens are desirous of a casino in their county.[22] In the south central Kansas gaming zone, Sedgwick County voters voted "no;" Sumner County voters voted "yes."
As the electorate of Sumner County voted in favor of a casino, the Kansas Lottery is now required to operate a casino somewhere in Sumner County, including the City of Mulvane, if the successful casino applicant is endorsed by the governing body and selected by the Lottery Gaming Facility Review Board.[23] Thus, the proposed ordinance banning the operation of a casino within the City conflicts with KELA by prohibiting an activity (i.e. operating a casino) permitted by KELA.[24]
Assuming, without deciding, that KELA is an enactment that does not apply uniformly to all cities,[25] the City of Mulvane cannot enact an ordinance banning a casino facility unless it charters out of KELA. In prior Attorney General opinions,[26] this office has concluded that the initiative and referendum process cannot be used to submit a proposed ordinance that attempts to charter out of an enactment because the procedure for adoption of a charter ordinance is dictated by Article12, Section 5(c) of the Kansas Constitution. We see no reason to depart from these prior opinions.
Moreover, assuming, without deciding, that KELA is an enactment that applies uniformly to all cities, then the proposed ordinance is invalid because, if adopted, it would conflict with KELA.[27]
For the numerous reasons mentioned herein, the proposed ordinance banning a casino facility in the City of Mulvane and prohibiting the extension of city services to a casino located in Sumner County is not a proper subject for the initiative process.
Sincerely,
Paul J. Morrison Attorney General
Mary Feighny Deputy Attorney General
PJM:MF:jm
[1] City of Lawrence v. McArdle, 214 Kan. 862, 867 (1974).
[2] K.S.A. 12-3013(c).
[3] K.S.A. 12-3013(e)(1).
[4] 223 Kan. 514 (1978).
[5] City of Wichita v. Kansas Taxpayers Network, 255 Kan. 534, 540
(1994).
[6] You indicate that casino development proposals for Sumner County include sites located near Exit 33 off of the Kansas turnpike (i.e. the Mulvane exit) in addition to sites in or about Wellington, Kansas.
[7] City of Wichita v. Fitzgerald, 22 Kan.App.2d 428, 432 (1996).
[8] Id.
[9] The court also held that when a proposed ordinance repeals an existing ordinance, the proposed ordinance must identify each ordinance that would be repealed. Fitzgerald, 22 Kan.App.2d at 433.
[10] Lewis v. City of South Hutchinson, 162 Kan. 104, 125 (1946) ("[t]o allow [the initiative process] to annul or delay executive conduct would destroy the efficiency necessary to the successful administration of the business affairs of the city. In many cases it would . . . prevent the exercise of the executive power necessary to carry out the acts determined upon by the legislative department").
[11] K.S.A. 12-808 (city operating waterworks, fuel, power, or lighting plant may sell such services to others within or without city).
[12] U.S. Const., Article 1, § 10; State ex rel. Frizzell v.Paulsen, 204 Kan. 857 (1970) (proposed ordinance barring urban renewal projects already underway unconstitutional as impairing private and intergovernmental contracts). See Attorney General Opinion No. 75-396 (proposed ordinance that would impair existing contractual obligations incurred under prior ordinances and which implement statute not eligible for initiative process).
[13] City of Lawrence v. McArdle, 214 Kan. 862, 871(1974) (ordinance establishing salary classifications for firefighters and police officers is administrative; ordinance prescribes details of a previously adopted general plan).
[14] 255 Kan. 534 (1994).
[15] Id. at 541.
[16] See Attorney General Opinion No. 94-119 (proposed ordinance establishing term limitations contains both legislative and administrative provisions; not proper subject for initiative procedure); Attorney General Opinion No. 81-252 (proposed ordinance relating to flood control contains administrative sections; not proper subject for initiative procedure).
[17] L. 2007, Ch. 110.
[18] Kan. Const., Art. 12, § 5(c). Attorney General Opinion Nos.94-108, 81-252, 76-34.
[19] Kan. Const., Art. 12, § 5(c)(1) ("[a]ny city may by charter ordinance elect in the manner prescribed in this section that the whole or any part of any enactment of the legislature applying to such city, other than . . . enactments applicable uniformly to all cities . . . shall not apply to such city.")
[20] Kansas City Renaissance Festival Corp. v. City of BonnerSprings, 269 Kan. 670, 673 (2000). Heim, Home Rule: A Primer, 74 J. Kan. Bar Ass'n 26, 32-33 (2005).
[21] L. 2007, Ch. 110, §§ 1(f), 3(f).
[22] L. 2007, Ch. 110, § 6.
[23] L. 2007, Ch. 110, §§ 3(h)(10); 5(a).
[24] City of Junction City v. Lee, 216 Kan. 495 (1975) (the test for conflict is whether the ordinance permits activity that a statute prohibits or prohibits activity that a statute permits).
[25] L. 2007, Ch. 110, § 3(h)(15)(B), (16)(B); § 16(a)(4)(B), (5)(B) (different rates of gaming revenue for cities in different gaming zones.)
[26] Attorney General Opinion Nos. 94-108, 81-252, 76-34.
[27] Kansas City Renaissance Festival Corp. v. City of BonnerSprings, 269 Kan. 670 (2000) (amusement tax ordinance invalid; conflict with state law); Heim, Home Rule: A Primer, 74 J. Kan. Bar Ass'n 26, 32 (2005).